David J.F. Gross (SB# 290951)
Nick P. Chan (SB# 286925)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Fax: (650) 324-6701
david.gross@FaegreBD.com
nick.chan@FaegreBD.com

Timothy E. Grimsrud (*pro hac vice*)
Kevin P. Wagner (*pro hac vice*)
Lauren J.F. Barta (*pro hac vice*)
Andrea I. Savageau (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
tim.grimsrud@FaegreBD.com
kevin.wagner@FaegreBD.com
lauren.barta@FaegreBD.com
andrea.savageau@FaegreBD.com

*Attorneys for Plaintiffs Boston Scientific Corporation, Boston Scientific Scimed, Inc., and Fortis Advisors LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOSTON SCIENTIFIC CORPORATION, a Delaware Corporation, BOSTON SCIENTIFIC SCIMED, INC., a Minnesota Corporation, and FORTIS ADVISORS LLC, as Securityholder Representative for the Former Securityholders of nVision Medical Corporation, a Delaware Corporation,

Plaintiffs,

vs.

BIOCARDIA, INC., a Delaware Corporation

Defendant.

---

BIOCARDIA, INC.,

Counterclaimant,

vs.

BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., FORTIS ADVISORS LLC, AND SURBHI SARNA,

Counterdefendants.

Case No.: 3:19-cv-05645-VC

Hon. Vince Chhabria

**PLAINTIFFS BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., AND FORTIS ADVISORS LLC'S ANSWER TO BIOCARDIA, INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Complaint Filed: September 6, 2019
Trial Date: May 10, 2021

**JURY TRIAL DEMANDED**

Plaintiff Boston Scientific Corporation and Plaintiff Boston Scientific Scimed, Inc. (collectively, "Boston Scientific") and Plaintiff Fortis Advisors LLC ("Fortis") as Securityholder Representative for the former securityholders ("the Securityholders") of nVision Medical Corporation ("nVision"), (together with Boston Scientific, "Plaintiffs") hereby respond to the counterclaims of BioCardia, Inc. ("Defendant" or "BioCardia") asserted in the First Amended Answer and Counterclaims filed on December 11, 2019.

All allegations in BioCardia's Counterclaims, including those in the headings, that Plaintiffs do not expressly admit herein are specifically denied by Plaintiffs.

**PLAINTIFFS' ANSWER TO BIOCARDIA'S COUNTERCLAIMS**

1. Plaintiffs admit that BioCardia brings the alleged counterclaims but deny that any of the alleged counterclaims have merit. Plaintiffs deny any remaining allegations in paragraph 1.

2. Plaintiffs admit that BioCardia filed a request for Arbitration with the AAA on August 6, 2019. To the extent that paragraph 2 contains any other allegations, Plaintiffs deny them.

3. Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 3, and on that basis deny them.

4. Plaintiffs admit they filed the instant action on September 6, 2019.

5. Plaintiffs admit an action was filed against BioCardia in the Superior Court of California on September 13, 2019. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 5, and on that basis deny them.

6. Plaintiffs admit that all parties agreed to consolidate various proceedings into this federal court action. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 6, and on that basis deny them.

7. Plaintiffs admit that BioCardia withdrew the Arbitration demand with the AAA. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 7, and on that basis deny them.

8. Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8, and on that basis deny them.

9. Plaintiffs admit that Boston Scientific Corp. is a Delaware corporation with its principal place of business at 300 Boston Scientific Way, Marlborough, MA 01752-1234 and that it acquired nVision, including all of its intellectual property, through a merger on April 13, 2018. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 9, and on that basis deny them.

10. Plaintiffs admit that Boston Scientific Scimed, Inc. is a Minnesota corporation with its principle place of business at One SciMed Place, Maple Grove, Minnesota 55311 and that it is a wholly-owned subsidiary of Boston Scientific Corporation. Plaintiffs admit that Boston Scientific Scimed, Inc. is the current assignee of record of the '571 Patent. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and on that basis deny them.

11. Plaintiffs admits that Fortis Advisors LLC is a Delaware limited liability company with its principal place of business in San Diego, California, and that Fortis is a representative of the Securityholders pursuant to the terms of the Agreement and Plan of Merger, dated April 13, 2018. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and on that basis deny them.

12. Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and on that basis deny them.

13. The allegations in paragraph 13 are legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that this action purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and the laws of the State of California.

14. The allegations in paragraph 14 are legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that this action purports to be an action over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction under 28 U.S.C. § 1387.

15. Plaintiffs admit that they are subject to this Court's personal jurisdiction for purposes of this action only. Plaintiffs lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15, and on that basis deny them.

16. The allegations in paragraph 16 are legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that venue is proper in this District.

17. Plaintiffs admit that a purported copy of Ms. Sarna's employment agreement with BioCardia is attached to BioCardia's counterclaims as Exhibit A. Except as expressly admitted, Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 17 and on that basis deny them.

18. Plaintiffs admit that Section 3(b) of Ms. Sarna's BioCardia employment agreement ("Employment Agreement") states: "I agree that I will promptly make full written disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and hereby assign to the Company, or its designee, all my right, title, and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of the Company (collectively referred to as 'Inventions'), except as provided in Section 3(f) below." Plaintiffs further admit that Section 3(f) of the Employment Agreement states: "I understand that the provisions of this Agreement requiring assignment of Inventions to the Company do not apply to any invention which qualifies fully under the provisions of California Labor Code Section 2870 (attached hereto as Exhibit B). I will advise the Company promptly in writing of any inventions that I believe meet the criteria in California Labor Code Section 2870 and not otherwise disclosed on Exhibit A." Except as expressly admitted, Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 18, and on that basis deny them.

19. Plaintiffs admit that Section 3(a) of the Employment Agreement states: "I have attached hereto, as Exhibit A, a list describing all inventions, original works of authorship,

developments, improvements, and trade secrets which were made by me prior to my employment with the Company (collectively referred to as 'Prior Inventions'), which belong to me, which relate to the Company's proposed business, products or research and development, and which are not assigned to the Company hereunder; or, if no such list is attached, I represent that there are no such Prior Inventions." Except as expressly admitted, Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 19, and on that basis deny them.

20. Plaintiffs admit that Ms. Sarna filed U.S. Provisional Application No. 61/435,945 on January 25, 2011. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 20.

21. Plaintiffs admit that US 2014/0323859 published on October 30, 2014, US 2016/151001 published June 2, 2017, and US 2017/0258392 published September 14, 2017, and that each of these applications reference the '945 Provisional Application. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 21.

22. Plaintiffs admit that Ms. Sarna filed Provisional Patent Application No. 61/559,120 on November 13, 2011, that US2014/0323859 published on October 30, 2014, and that US2014/0323859 refers to the '120 Provisional Application. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 22.

23. The statement in paragraph 23 requires no answer.

24. Plaintiffs deny the allegations of paragraph 24.

25. To the extent paragraph 25 alleges that Ms. Sarna did not invent the inventions in the Sarna Patent Family on her own time and under the provisions of California Labor Code Section 2870, Plaintiffs deny the allegations. To the extent the paragraph 25 is directed to the date on which Ms. Sarna conceived of the inventions in the Sarna Patent Family, Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 25, and on that basis deny them.

26. Plaintiffs deny the allegations of paragraph 26.

27. Plaintiffs deny that the patent families at issue are "outside of the Section 2870 exemption from Ms. Sarna's assignment obligation as a matter of law." Rather, Plaintiffs

contend that the patent families at issue fall within the scope of California Labor Code Section 2870. As to the remaining allegations, Plaintiffs lack sufficient information or belief to respond to the remaining allegations of paragraph 27, and on that basis deny them.

28. Plaintiffs admit that California Labor Code Section 2780 states that: "(a) Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either: (1) Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) Result from any work performed by the employee for the employer. (b) To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable." To the extent paragraph 28 contains remaining allegations, except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 28.

29. Plaintiffs admit that California Labor Code Section 2780 states that: "If an employment agreement entered into after January 1, 1980, contains a provision requiring the employee to assign or offer to assign any of his or her rights in any invention to his or her employer, the employer must also, at the time the agreement is made, provide a written notification to the employee that the agreement does not apply to an invention which qualifies fully under the provisions of Section 2870. In any suit or action arising thereunder, the burden of proof shall be on the employee claiming the benefits of its provisions." Except as expressly admitted, Plaintiffs deny the allegations of paragraph 29.

30. Plaintiffs deny the allegations of paragraph 30.

31. Plaintiffs deny the allegations of paragraph 31.

32. Plaintiffs deny the allegations of paragraph 32.

33. Plaintiffs admit that the patent specification for U.S. Patent No. 7,402,151 states: "Other applications of this thin walled steerable guide and sheath guide invention include transjugular intrahepatic portosystemic (TIPS) shunt placement, uterine fibroid biopsy and ablation, trans atrial septal delivery and manipulation of devices (for pulmonary vein ablation, implantation and or recovery of devices in the left atrial appendage and performing antegrade mitral and aortic valve manipulations and artificial valve implantation), and also for neurological access and delivery of coils and stents." Except as otherwise admitted, Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 33, and on that basis deny them.

34. Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 34, and on that basis deny them.

35. Plaintiffs admit that claim 1 of U.S. Patent No. 8,529,550 states: "A catheter system comprising: a catheter having a proximal end and a distal end; a drug delivery structure disposed on the distal end of the catheter, where the structure is a hollow structure with one or more apertures communicating from the interior to the exterior of said hollow structure, and a reservoir of a therapeutic agent within said drug delivery structure, said therapeutic agent comprising one of antagonists to angiogenic agents, cytotoxic agents, anti-Her-2, and anti CD20, and tumor necrosis factors; said drug delivery structure being disengageable from the distal end of the catheter; a mechanism at the proximal end of the catheter for disengaging said drug delivery structure from the distal end of the catheter; and a fixation means on said drug delivery structure that may be used within a body of a patient to implant the drug delivery structure to a depth within an intended tissue within the body of a patient." Except as otherwise admitted, Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 35, and on that basis deny them.

36. Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 36, and on that basis deny them.

37. Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 37, and on that basis deny them.

38. Plaintiffs lack sufficient information or belief to respond to the allegations of paragraph 38, and on that basis deny them.

39. Boston Scientific admits that the ’571 Patent states: “Although illustrative embodiments of this invention have been shown and described, other modifications, changes, and substitutions are intended. By way of example, the present invention discloses fallopian tubes as an exemplar of a narrow body lumen, which may undergo maintenance, and other anatomical structures, such as coronary arteries, may be similarly maintained. Accordingly, it is appropriate that the appended claims be construed broadly and in a manner consistent with the scope of the disclosure as set forth in the following claims.” Plaintiffs lack sufficient information or belief to respond to the allegation of paragraph 39 stating that “[c]oronary artery disease was and is a primary focus of BioCardia’s business,” and on that basis deny them. Plaintiffs deny the remaining allegations of paragraph 39.

40. Plaintiffs deny the allegations of paragraph 40.

41. Plaintiffs deny the allegations of paragraph 41.

42. Plaintiffs deny the allegations of paragraph 42.

43. Plaintiffs admit that they allege that at least some of BioCardia’s claims are barred by the statute of limitations, estoppel, and/or other bases. Except as expressly admitted, Plaintiffs deny the allegations of paragraph 43.

44. Plaintiffs admit that the statute of limitations for breach of contract in California is four years from breach. Except as expressly admitted, Plaintiffs deny the allegations of paragraph 44.

45. Plaintiffs deny the allegations of paragraph 45.

46. Plaintiffs deny the allegations of paragraph 46.

47. Plaintiffs admit that the statute of limitations for breach of contract in California is four years from breach. Except as expressly admitted, Plaintiffs deny the allegations of paragraph 47.

48. Plaintiffs admit that under Cal. Civ. Code § 3426.6, trade secret misappropriation claims “must be brought within three years after the misappropriation is discovered or by the

exercise of reasonable diligence should have been discovered." Except as expressly admitted, Plaintiffs deny the allegations of paragraph 48.

49. Plaintiffs admit that claims for correction of inventorship can be barred by laches. Except as expressly admitted, Plaintiffs deny the allegations of paragraph 49.

50. Plaintiffs admit that Section 3(f) of the Employment Agreement states: "I will advise the Company promptly in writing of any inventions that I believe meet the criteria in California Labor Code Section 2870 and not otherwise disclosed on Exhibit A." Except as expressly admitted, Plaintiffs deny the allegations of paragraph 50.

51. Plaintiffs deny the allegations of paragraph 51.

52. Plaintiffs deny the allegations of paragraph 52.

53. Plaintiffs deny the allegations of paragraph 53.

54. Plaintiffs deny the allegations of paragraph 54.

## COUNT I

### Correction of Inventorship under 35 U.S.C. § 256

(Against Counterdefendants Boston Scientific and Ms. Sarna)

55. Plaintiffs incorporate their responses to the allegations in the preceding paragraphs.

56. Plaintiffs deny the allegations of paragraph 56.

57. Plaintiffs deny the allegations of paragraph 57.

58. Plaintiffs deny the allegations of paragraph 58.

59. Plaintiffs deny the allegations of paragraph 59.

60. Plaintiffs deny the allegations of paragraph 60, including because Dr. Altman and Dr. Stertzer are not inventors on the patent at issue.

61. Plaintiffs lack sufficient information or belief to respond to the allegation of paragraph 61, and on that basis deny them.

62. Plaintiffs deny that BioCardia is entitled to any relief, including the relief sought in paragraph 62.

**COUNT II**

**Breach of Written Contract**

(Against Counterdefendants)

63. Plaintiffs incorporate their responses to the allegations in the preceding paragraphs.

64. Plaintiffs deny the allegations of paragraph 64.

65. Plaintiffs deny the allegations of paragraph 65.

66. Plaintiffs deny the allegations of paragraph 66.

67. Plaintiffs deny the allegations of paragraph 67.

68. Plaintiffs deny the allegations of paragraph 68.

69. Plaintiffs deny that BioCardia is entitled to any relief, including the relief sought in paragraph 69.

70. Plaintiffs deny the allegations of paragraph 70.

71. Plaintiffs deny that BioCardia is entitled to any relief, including the relief sought in paragraph 71.

72. Plaintiffs deny the allegations of paragraph 72.

73. Plaintiffs deny that BioCardia is entitled to any relief, including the relief sought in paragraph 73.

**COUNT III**

**Misappropriation of Trade Secrets under California Uniform Trade Secrets Act, California Civil Code Sections 3426 et seq.**

(Against Counterdefendants)

74. Plaintiffs incorporate their responses to the allegations in the preceding paragraphs.

75. Plaintiffs deny the allegations of paragraph 75.

76. Plaintiffs deny the allegations of paragraph 76.

77. Plaintiffs deny the allegations of paragraph 77.

78. Plaintiffs deny the allegations of paragraph 78.

79. Plaintiffs deny the allegations of paragraph 79.

80. Plaintiffs deny the allegations of paragraph 80.

81. Plaintiffs deny the allegations of paragraph 81.

82. Plaintiffs deny the allegations of paragraph 82.

83. Plaintiffs deny that BioCardia is entitled to any relief, including the relief sought in paragraph 83.

84. Plaintiffs deny the allegations of paragraph 84.

85. Plaintiffs deny that BioCardia is entitled to any relief, including the relief sought in paragraph 84.

## AFFIRMATIVE DEFENSES

Without assuming any burden they would not otherwise bear, Plaintiffs assert the following Affirmative Defenses:

### I. Failure to State A Claim Upon Which Relief Can Be Granted

1. BioCardia's counterclaim for correction of inventorship should be dismissed for failure to state a claim because there is no error related to inventorship; Counterdefendant Surbhi Sarna ("Sarna") is correctly listed as the sole inventor of the '571 Patent.

2. Sarna conceived of the '571 Patent. No one at BioCardia contributed to the conception or reduction to practice of the invention claimed in the '571 Patent, nor any other invention in related patent applications, including Provisional Application No. 61/435,945 ("the '945 Provisional"); Application No. 13/979,691; Application No. 14/929,989; and Application No. 15/605,407 (collectively, "the '571 Patent Family"). Nor did anyone at BioCardia contribute to the conception or reduction to practice of the inventions in Provisional Patent Application No. 61/559,120 ("the '120 Provisional"), which Sarna filed on November 13, 2011, or applications claiming priority to the '120 Provisional, including Application No. 14/357,875, which published on October 30, 2014, as US2014/0323859 (collectively, "the '120 Provisional Family").

3. Not all of the inventions disclosed in the '571 Patent Family and '120 Provisional Family were conceived during the same time period in which Sarna was also an employee of BioCardia.

4. To the extent inventions disclosed in the ’571 Patent Family and ’120 Provisional Family were conceived during the time period that Sarna was also a BioCardia employee, Sarna conceived of these inventions on her own time and without any assistance from BioCardia or use of any BioCardia equipment, supplies, facilities, trade secrets, or other resources.

5. To the extent inventions disclosed in the ’571 Patent Family and ’120 Provisional Family were conceived during the time period that Sarna was also a BioCardia employee, those inventions neither (1) relate at the time of conception or reduction to practice of the invention to BioCardia’s business, or actual or demonstrably anticipated research or development nor (2) result from any work performed by Sarna for BioCardia.

6. Therefore, BioCardia’s counterclaim for breach of contract fails to state a claim because there was no breach. Because Sarna was exempt from assigning over her intellectual property pursuant to California Labor Code § 2780, Sarna was not in breach of her agreement.

7. Furthermore, BioCardia’s counterclaim for breach of contract should be dismissed against Plaintiffs for failure to state a claim at least because Plaintiffs are not parties to the contract at issue. The contract at issue is the employment contract between Sarna and BioCardia; Plaintiffs are not a party, nor assumed any aspect of the contract, thus cannot in any event be liable for any breach of Sarna’s employment contract.

8. Moreover, BioCardia’s trade secret misappropriation counterclaims should be dismissed for failure to state a claim because the information BioCardia claims is a “trade secret” does not constitute a trade secret under the California Uniform Trade Secrets Act (“CUTSA,” Cal. Civ. Code §§ 3426 et seq.), nor was it misappropriated by Plaintiffs.

## II. Lack of Standing on Inventorship

9. BioCardia’s counterclaim for correction of inventorship should be dismissed because BioCardia lacks standing to bring such a claim. BioCardia has no ownership interest in the patents at issue, nor will declaring BioCardia employees as co-inventors generate any “direct financial rewards” for BioCardia, as required for standing to bring a claim. *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009). Moreover, an action to correct inventorship in district court can only be brought for patents issued; it is inapplicable to patent

applications for patents not yet issued. *See HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1353-54 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010).

**III. Bona Fide Purchaser**

10. BioCardia's claims should be dismissed to the extent they are barred, in whole or in part, because Boston Scientific was a bona fide purchaser of all the intellectual property at issue under 35 U.S.C. § 261. Boston Scientific paid valuable consideration during the merger with nVision, which included nVision's intellectual property, and Boston Scientific was without notice of any prior encumbrances. *See Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1573-74 (Fed. Cir. 1991).

**IV. Statute of Limitations**

11. BioCardia's claims should be dismissed to the extent they are barred by the applicable statute of limitations. For example, breach of contract claims in the state of California have a four-year statute of limitations. *See* Cal. Code Civ. P. § 337. Upon information and belief, Sarna ended her employment with BioCardia on January 4, 2012, and BioCardia knew, or at a minimum, reasonably should have known, of the inventions in the '571 Patent and Family by at least November 7, 2013, the publication date of the application for the '571 Patent. BioCardia's claim for breach of contract was not brought until late 2019, nearly six years after the statute of limitations began to run.

12. Additionally, the statute of limitations for trade secret misappropriation under the CUTSA is three years. *See* Cal. Civ. Code. §3426.6. BioCardia knew, or at a minimum, reasonably should have known, of the inventions in the '945 Provisional and '571 Patent by at least November 7, 2013, the publication date of the application for the '571 Patent. BioCardia did not bring their misappropriation of trade secrets claims until late 2019, nearly six years after the statute of limitations began to run.

13. Accordingly, BioCardia's counterclaims are barred by the applicable statute of limitations.

**V. Laches, Estoppel, and/or Other Equitable Doctrines**

14. BioCardia's counterclaims should be dismissed as they are barred by, at least, the equitable doctrines of laches and equitable estoppel. For example, where a party waits more than six years to bring a claim for correction of inventorship claim, a "rebuttable presumption of laches attaches." *Lismont v. Alexander Binzel Corp.*, 813 F.3d 998, 1003 (Fed. Cir. 2016). Additionally, BioCardia knew, or at a minimum, reasonably should have known, of the inventions in the'571 Family and '120 Provisional Family by at least November 7, 2013, and October 30, 2014, respectively. BioCardia was also fully aware in 2012 of the fact that Sarna had left BioCardia to work full-time at nVision, and that Sarna and nVision were developing products in women's health. Indeed, in June 2013, BioCardia's then-Chief Operating Officer, Andrew MacKenzie, heard Sarna speak about nVision and nVision's products and patents at a conference and subsequently emailed Sarna to congratulate her on "how successful [she had] been at pursuing the birth of [her] company." (Dkts. 1-1, 1-2.) Yet, BioCardia did not file their claims against Plaintiffs and Sarna until 2019, after Boston Scientific acquired nVision in a publicized merger. Accordingly, all of BioCardia's counterclaims are barred by, at least, the equitable doctrines of laches and equitable estoppel.

**VI. No Basis for Imposing a Constructive Trust**

15. BioCardia has no basis for imposing a constructive trust against Plaintiffs and is barred from seeking such a remedy. The elements of a constructive trust require: "(1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.*, No. 17-CV-02323-JST, 2018 WL 1696805, at *3 (N.D. Cal. Apr. 6, 2018) (citation omitted). Here, BioCardia is not entitled to any property interest belonging to Plaintiffs and, moreover, Plaintiffs are rightfully entitled to the property interests at issue, which were rightfully and lawfully acquired. Thus, BioCardia cannot meet the elements required to impose a consecutive trust and this remedy is unavailable.

16. Additionally, to the extent BioCardia contends that imposition of a constructive trust is a remedy available pursuant to its trade secret misappropriation claim, imposition of a constructive trust is not a permitted remedy under the CUTSA. *See B. Braun Med., Inc. v. Rogers*, 163 F. App'x 500, 509 (9th Cir. 2006) (unpublished).

**VII. Failure to Mitigate Damages**

17. To the extent that BioCardia can establish it is entitled to damages, BioCardia had and continues to have a duty to take reasonable steps to mitigate those damages "and will not be able to recover for any losses which could have been thus avoided." *Cent. Coast Pipe Lining, Inc. v. Pipe Shield USA, Inc.*, No. 2:13-CV-00639-ODW, 2013 WL 6442603, at *7 (C.D. Cal. Dec. 9, 2013) ("California law is clear that a 'plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided.'") (citation omitted).

18. For example, rather than make any good faith attempt or take reasonable steps to enter the women's health space, BioCardia simply idled by for *years* before threatening Sarna with legal action and ultimately filing these claims of breach of contract and trade secret misappropriation. Moreover, BioCardia waited until Sarna had capitalized on her success by selling control of her company in a high-profile merger with Boston Scientific before threatening litigation.

**VIII. Reservation of Rights**

Plaintiffs reserve the right to supplement their assertion of defenses as the factual investigation of BioCardia's claims continues.

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Dismiss all of BioCardia's claims against Plaintiffs on the merits and with prejudice;

b. Award Plaintiffs all costs, expenses, and reasonable attorney fees as allowed by law; and

c. Grant Plaintiffs any such further relief to which they may be entitled.

Respectfully submitted,

Dated: January 8, 2020

FAEGRE BAKER DANIELS LLP

By: /s/ *Timothy E. Grimsrud*

David J.F. Gross (SB# 290951)
Nick P. Chan (SB# 286925)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Fax: (650) 324-6701
david.gross@FaegreBD.com
nick.chan@FaegreBD.com

Timothy E. Grimsrud (*pro hac vice*)
Kevin P. Wagner (*pro hac vice*)
Lauren J.F. Barta (*pro hac vice*)
Andrea I. Savageau (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
tim.grimsrud@FaegreBD.com
kevin.wagner@FaegreBD.com
lauren.barta@FaegreBD.com
andrea.savageau@FaegreBD.com

*Attorneys for Plaintiffs Boston Scientific Corporation, Boston Scientific Scimed, Inc., and Fortis Advisors LLC*