ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
JESSICA N. LEAL (SBN 267232)
jleal@fawlaw.com
FREITAS & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:    (650) 593-6300
Facsimile:    (650) 593-6301

Attorneys for Counter-Defendant
Surbhi Sarna

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. AND FORTIS ADVISORS LLC,<br><br>                Plaintiffs,<br><br>      v.<br><br>BIOCARDIA, INC.,<br><br>                Defendant. | No.  3:19-cv-05645-VC<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF BIOCARDIA, INC.'S AMENDED COUNTERCLAIM** |
| BIOCARDIA, INC.,<br><br>                Counterclaimant,<br><br>      v.<br><br>BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. AND FORTIS ADVISORS LLC, BIOCARDIA, INC., AND SURBHI SARNA,<br><br>                Counterdefendants. | Date: March 19, 2020<br>Time: 10:00 a.m.<br>Ctrm.: 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 19, 2020, at 10:00 a.m., or at such other date as may be agreed upon, in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, counterdefendant Surbhi Sarna will, and hereby does, move to strike portions of the Amended Counterclaim of defendant and counterclaimant BioCardia, Inc. ("BioCardia") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Ms. Sarna brings this motion to strike the following portions improperly referencing non-party nVision Medical Corporation as a counterdefendant as either immaterial or impertinent or both: (1) Page 26, ¶ 77: "Counterdefendants Ms. Sarna ~~and nVision~~ misappropriated the BioCardia's Trade Secrets…", (2) Page 26, ¶ 78: "~~Counterdefendant~~ nVision took advantage of the misappropriate BioCardia Trade Secrets…", and (3) Page 26, ¶ 79: "As a direct and proximate result of Counterdefendants Ms. Sarna's ~~and nVision's~~ misappropriation of the BioCardia Trade Secrets…" (~~strikethrough~~ added for emphasis).

This motion shall be based on this notice of motion and motion, the supporting memorandum of points and authorities herein, the pleadings and papers on file, and upon such further matters the Court deems appropriate.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I.   STATEMENT OF RELEVANT FACTS.**

On September 6, 2019, three plaintiffs, Boston Scientific Corporation, Boston Scimed, Inc. and Fortis Advisors LLC, filed a complaint for declaratory judgment against defendant BioCardia, Inc. ECF No. 1. On October 31, 2019, the defendant BioCardia answered the complaint and asserted its counterclaim against the three plaintiffs and counterdefendant Surbhi Sarna. ECF No. 22. BioCardia did not add nVision Medical Corporation, the company Ms. Sarna founded and is currently the Chief Executive Officer, as a party to its counterclaim. Summons were issued in this case for defendant BioCardia, Inc. and counterdefendant Surbhi Sarna and no one else. *See* ECF Nos. 7, 25.

BioCardia, Inc. filed an Amended Counterclaim on December 11, 2019. ECF No. 43. It did not add any new parties to its caption. It did not identify nVision as a party under its section entitled "PARTIES." *See* ECF No. 43 at 14, ¶¶ 8-12. However, the Amended Counterclaim at distinct places references the non-party nVision Medical Corporation, an active California corporation, as a "counterdefendant."  (BioCardia identifies "nVision" as shorthand for the entity nVision Medical Corporation. ECF No 43 at 13, ¶ 1.)

Despite the fact BioCardia did not name nVision as a party to its Amended Counterclaim, in the following three places in the Amended Counterclaim BioCardia inappropriately identifies nVision Medical Corporaton as a "counterdefendant":

- Page 26, ¶ 77:  "Counterdefendants Ms. Sarna and nVision misappropriated the BioCardia's Trade Secrets…"
- Page 26, ¶ 78: "Counterdefendant nVision took advantage of the misappropriate BioCardia Trade Secrets…"
- Page 26, ¶ 79:  "As a direct and proximate result of Counterdefendants Ms. Sarna's and nVision's misappropriation of the BioCardia Trade Secrets…"

## II.     LEGAL STANDARD: THE COURT'S POWER TO STRIKE.

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

While motions to strike may be viewed with disfavor because they are often used as a "dilatory tactic," where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, immaterial portions can and should be deleted if it serves to muddy the issues. A motion to strike is properly granted, even absent prejudice to the moving party, if doing so would streamline the litigation and clarify the issues for discovery and trial. *Ganley v. County of*

*San Mateo*, No. C06-3923, 2007 U.S. Dist. LEXIS 26467, *4, (N.D. Cal. Mar. 22, 2007).

**III.     nVISION MEDICAL CORPORATION IS NOT A PARTY AND REFERENCING IT AS SUCH SHOULD BE STRICKEN FROM COUNT II (TRADE SECRET MISAPPROPRIATION).**

Applying the legal principles to the case at hand, the references to nVision as a "counterdefendant" should be stricken from BioCardia's Amended Counterclaim because they are both immaterial and impertinent. Three times BioCardia identifies nVision as a "counterdefendant" who misappropriated trade secrets under Count II. *See* ECF No. 43 at 25-26.

The identification of nVision as a "counterdefendant" is misleading and has no essential or important relationship to the claim for relief against counterdefendant who are not nVision Medical Corporation. This motion does not seek to strike the references to nVision in other parts of the Amended Counterclaim (where nVision is not referred to as a party), but here in paragraphs 77-79 its designation as a counterdefendant has no place.

The identification of nVision as a "counterdefendant" is also a statement (albeit incorrect) that does not pertain, and is certainly unnecessary, to the issue in question. The issue is who are the parties being pursued under a trade secret misappropriation count. If BioCardia believes nVision Medical Corporation is a necessary party, it would have named it, served it and made it a party to these proceedings.

Carelessly attaching the title of "counterdefendant" to nVision Medical Corporation's name in these portions of the Amended Counterclaim only makes unnecessary clutter and cause confusion. Doubt is created when the pleadings slip into immaterial and impertinent identification of a non-party as a party. In sum, nVision is not a party and the pleading says it is. That could create a problem down the line. Now is the time to correct the error. Striking nVision from paragraphs 77-79 on page 26 of the Amended Counterclaim forces clarity in order to streamline the litigation.

## IV.    CONCLUSION.

Based on the foregoing, Ms. Sarna respectfully requests the Court grant her motion and strike from BioCardia's Amended Counterclaim references to nVision as a counterdefendant under Count II in paragraphs 77-79.

Dated:  January 8, 2020

                                                  ROBERT E. FREITAS
                                                  JESSICA N. LEAL
                                          FREITAS & WEINBERG LLP

                                                 */s/Jessica N. Leal*
                                                    Jessica N. Leal
                                       Attorneys for Counter-Defendant
                                                    Surbhi Sarna