David J.F. Gross (SBN 290951)
david.gross@faegredrinker.com
Nick P. Chan (SBN 286925)
nick.chan@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Ave., Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Facsimile: (650) 324-6701

*Attorneys for Plaintiffs-Counterdefendants*
*Boston Scientific Corporation and Boston*
*Scientific Scimed, Inc.*

[*Additional counsel and parties listed in signature block*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., AND FORTIS ADVISORS LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>BIOCARDIA, INC.,<br><br>        Defendant. | CASE NO. 3:19-CV-05645-VC<br>(Related Case No. 3:20-cv-02829-VC)<br><br>**COUNTERDEFENDANTS BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., FORTIS ADVISORS LLC, AND SURBHI SARNA'S MOTION FOR SANCTIONS**<br><br>District Judge:  Hon. Vince Chhabria<br><br>Hearing: December 3, 2020 (10:00 AM PT)<br><br>JURY TRIAL REQUESTED |
| BIOCARDIA, INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. FORTIS ADVISORS LLC, AND SURBHI SARNA,<br><br>Counterdefendants. | |

## <u>TABLE OF CONTENTS</u>

BACKGROUND ........................................................................................................... 2

    I.    The Court's Scheduling Order Set A Clear Deadline For Amending Pleadings ............................................................................................... 2

    II.   BioCardia Disregarded The Court's Scheduling Order On Two Prior Occasions. ....................................................................................... 2

    III.  The Court Gave BioCardia One Last Chance To Amend Its Counterclaims, But Warned BioCardia That It Might Be Ordered To Pay Some Attorneys' Fees ......................................................... 3

    IV.  BioCardia's SAAC Includes Numerous Violations Of The Court's Orders ......... 4

LEGAL STANDARD ................................................................................................. 6

ARGUMENT ............................................................................................................. 7

    I.    BioCardia's Violations Of The Court's Order Warrants Sanctions ....................... 7

    II.   Counterdefendants Should Be Awarded Their Reasonable Attorneys' Fees ......... 9

CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ayers v. City of Richmond*,
   895 F.2d 1267 (9th Cir. 1990) ............................................................................6, 7

*Breitling v. LNV Corp.*,
   No. 3:15-CV-0703-B, 2016 WL 4211741 (N.D. Tex. Aug. 10, 2016)....................................9

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991)..............................................................................................7, 10

*Chavarria v. Mgmt. & Training Corp.*,
   No. 16CV0617, 2016 WL 11621564 (S.D. Cal. Aug. 25, 2016)...............................................9

*Evon v. Law Offices of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012) ...................................................................................7

*F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*,
   244 F.3d 1128 (9th Cir. 2001)..................................................................................10

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ....................................................................................7

*Hyde & Drath v. Baker*,
   24 F.3d 1162 (9th Cir. 1994) .................................................................................7, 8

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ....................................................................................6

*K. P. v. Santa Clara Cty. Office of Educ.*,
   No. 5:15-CV-01512-EJD, 2016 WL 5930641 (N.D. Cal. Oct. 12, 2016) .............................10

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
   275 F.3d 762 (9th Cir. 2001) ..................................................................................6, 7

*Martin Family Trust v. Heco/Nostalgia Enter. Co.*,
   186 F.R.D. 601 (E.D. Cal. 1999) ................................................................................6

*Mikeskandari v. Mail*,
   No. CV 1202943 MMMFFMX, 2014 WL 12561581 (C.D. Cal. Aug. 4, 2014)....................10

*Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*,
   427 U.S. 639 (1976).................................................................................................9

*Official Airline Guides, Inc. v. Goss*,
6 F.3d 1385 (9th Cir. 1993) ...................................................................................7

*Petrano v. Old Republic Nat'l Title Ins. Co.*,
590 F. App'x 927 (11th Cir. 2014) .........................................................................9

*Quantum Labs, Inc. v. Maxim Integrated Prod. Inc.*,
No. 18-CV-07598-BLF, 2020 WL 1914959 (N.D. Cal. Apr. 20, 2020) ...............10

*Sanchez v. Brawley Elementary School Dist.*,
No. 14CV564 GPC (PCL), 2016 WL 3074404 (S.D. Cal. Jun. 1, 2016) .................6

*Wilson v. KRD Trucking West, No. 2:10-CV-00163-KJD,*
*2013 WL 836995 (D. Nev., Mar. 6, 2013)* ...............................................................7

**RULES**

Fed. R. Civ. P. 16 ...........................................................................................6, 9, 10

Fed. R. Civ. P. 16(f) ...............................................................................1, 6, 7, 8, 9

COUNTERDEFENDANTS' MOTION FOR SANCTIONS
No. 3:19-CV-05645-VC

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, December 3, 2020 at 10:00 a.m. (PT), before the Honorable Vince Chhabria in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Counterdefendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "Boston Scientific"), Fortis Advisors LLC ("Fortis"), and Surbhi Sarna ("Sarna") will, by this motion and supporting memorandum of points and authorities, move for sanctions pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority for BioCardia's violations of this Court's Order (Dkt. 95 at 2) granting BioCardia limited leave to file a Second Amended Answer and Counterclaims ("SAAC," Dkt. 112) in this case ("*BioCardia I*"). Counterdefendants ask that the Court award Counterdefendants their reasonable attorneys' fees incurred as a result of BioCardia's misconduct and violation of the Court's Order.

There are also a number of other pending motions in this case and in the related case, *BioCardia, Inc. v. nVision Medical Corporation et al.*, 3:20-cv-02829 ("*BioCardia II*"). For convenience, Exhibit 1 to this motion provides an overview of all the contemporaneously-filed motions in *BioCardia I* and *BioCardia II* and their relationship to one another, to the extent applicable.

## MEMORANDUM OF POINTS AND AUTHORITIES

Notwithstanding the clear and repeated warnings by this Court on the record during the recent hearing, BioCardia has chosen to violate the Court's Order that: (1) expressly limited BioCardia's proposed amended counterclaims to "the two matters just discussed: bolstering the allegations regarding correction of inventorship and including allegations regarding the additional trade secrets," and (2) made clear that "[n]o additional parties, claims, or allegations may be inserted." (Dkt. 95 at 2.) Counterdefendants therefore seeks sanctions under Fed. R. Civ. P. 16(f) and the Court's inherent authority.

At the July 23, 2020 hearing the Court found that BioCardia's "litigation conduct has been atrocious," (Ex. 2, July 23, 2020 Hearing Tr. at 4),[1] that BioCardia's attempts to evade the Court's prior scheduling order had created a "procedural morass," (*id.*), and that at least a portion of BioCardia's conduct had been "egregious . . . both from the standpoint of prejudicing the defendants and from the standpoint of, you know, lack of diligence," (*id.* at 6). The Court decided to give BioCardia one more opportunity to amend its pleadings, but in so ruling cautioned that "BioCardia is not going to get any more breaks in this lawsuit for . . . failings, litigation failings, procedural failings. This is BioCardia's last chance. There will be no more – there will be no more giving you a break in the exercise of discretion." (*Id.* at 43.) Finally, the Court stated that "it may very well be appropriate to require BioCardia to pay the defendants' attorneys' fees that have been incurred as a result of all of [BioCardia's] litigation conduct." (*Id.* at 10.) The Court's subsequent order granted BioCardia leave to amend but expressly limited the scope of any amended counterclaims to two specific items: correction of inventorship and a narrow list of trade secrets. (Dkt. 95 at 2.)

BioCardia did not take the Court's cautions seriously and responded to its "last chance" by violating the Court's Order granting limited leave to amend: BioCardia swapped its 15-page

---

[1] Emphases are added unless stated and "Ex.__" cites are exhibits to the Grimsrud Declaration.

counterclaim for a 147-page counterclaim that included page after page of impermissible amendments, including multiple new theories for breach of contract, new allegations against Boston Scientific for trade-secret misappropriation, new claims of direct liability for Boston Scientific and Fortis, and new damages theories, among others.  (Dkt. 112.)  Accordingly, Counterdefendants request that the Court award Counterdefendants their reasonable attorneys' fees incurred as a result of BioCardia's offending pleadings.

## BACKGROUND

### I.     The Court's Scheduling Order Set A Clear Deadline For Amending Pleadings.

In the December 4, 2019 Joint Case Management Statement, the parties jointly stated:

> BioCardia plans to amend its First Amended Answer and Counterclaims by December 11, 2019.  The counterdefendants anticipate responding to BioCardia's First Amended Answer and Counterclaims by January 8, 2020, a date agreed upon by the parties.  Outside of these pleadings, no other parties, claims, or defenses are expected to be added or dismissed.

(Dkt. 35 at 7.)  The parties agreed to February 10, 2020 as the deadline for amending the pleadings.  (*Id.*)  Based on these representations, the Court adopted the parties' proposed deadline for amending the pleadings in its Scheduling Order.  (Dkt. 45 at 2.)  BioCardia then filed its First Amended Answer and Counterclaims ("FAAC") on December 11, 2019, well before the February 10, 2020 deadline to amend the pleadings.  (Dkt. 43.)  BioCardia made no further attempt to amend its pleadings before the February amendment deadline.

### II.    BioCardia Disregarded The Court's Scheduling Order On Two Prior Occasions.

Prior to this motion, BioCardia had run afoul of the Court's Scheduling Order on two other occasions.  First, BioCardia moved to amend its trade-secret allegations long after the amendment deadline and despite basing its motion exclusively on information that had been in its possession all along.  (Dkt. 60-0 at 12; Dkt. 62-0 at 13.)  In reviewing this motion, the Court found "there's no question that it was − you know, that BioCardia should have sought to add them earlier," (Ex. 2, July 23, 2020 Hearing Tr. at 6), and consequently stated that "it would be

COUNTERDEFENDANTS' MOTION FOR SANCTIONS
No. 3:19-CV-05645-VC

likely appropriate to just say − leave you with the first lawsuit and the − you know, the trade secrets that you are asserting as of the deadline to amend pleadings," (*id.* at 5).

BioCardia also filed a second lawsuit against nVision long after the February amendment deadline had passed simply because BioCardia changed its mind about the need to have nVision as a party in this case.  The Court aptly summarized the facts regarding this decision as follows: "You effectively decided to not sue nVision, and then all of a sudden, later on you realized that was a bad decision and so you filed a second lawsuit because you had blown your opportunity." (*Id.* at 24.)  The Court viewed this end run around its scheduling order as even "more egregious" than BioCardia's failure to plead its trade-secret claim in a timely fashion.  (*Id.* at 6.)

## III.   The Court Gave BioCardia One Last Chance To Amend Its Counterclaims, But Warned BioCardia That It Might Be Ordered To Pay Some Attorneys' Fees.

At the July 23, 2020 hearing the Court found that, considered as a whole, "BioCardia's litigation conduct has been atrocious."  (*Id.* at 4.)  It considered ruling against BioCardia across the board, (*id.*), but ultimately exercised its discretion to give BioCardia one more chance to amend its pleadings, stating:

> I view this as really giving BioCardia a major break here. And, you know, in terms of allowing you to continue to oppose the claim splitting argument despite your failure to have presented anything meaningful so far on that and you, know, in terms of allowing you to add the trade secrets in the first lawsuit. I view this as giving you a huge break, and BioCardia is not going to get any more breaks in this lawsuit for, you know, fail − you know, failings, litigation failings, procedural failings. This is BioCardia's last chance.  There will be no more – there will be no more giving you a break in the exercise of discretion.

(Ex. 2, July 23, 2020 Hearing Tr. at 43.)   In addition to this clear warning, the Court indicated that an award of attorneys' fees to counterdefendants was likely justified by BioCardia's conduct to date, stating:

> [I]t may very well be appropriate to require BioCardia to pay the defendant's attorneys' fees that they have incurred as a result of all of this litigation conduct, this failure to add the trade secrets in a timely fashion, you know, this attempt to – this seemingly inappropriate attempt to file a second lawsuit against nVision.

---

3

(*Id.* at 10.)

> I think another very likely outcome is that, you know, the defendants need to be compensated for the money − attorneys' fees they've incurred in trying to deal with all of these problems that you've created.

(*Id.* at 18-19.)

The Court's subsequent Order granting BioCardia leave to amend its counterclaims was then expressly limited:

> Leave to file an amended answer and counterclaims in the first lawsuit *is limited to the two matters just discussed*: bolstering the allegations regarding correction of inventorship and including allegations regarding the additional trade secrets.  *No additional parties, claims, or allegations may be inserted*.

(Dkt. 95 at 2.)

## IV.    BioCardia's SAAC Includes Numerous Violations Of The Court's Orders.

BioCardia's SAAC includes numerous unauthorized amendments, in clear violation of the Court's Order granting limited leave to amend, as well as the Court's Scheduling Order. Counterdefendants' contemporaneously filed motion to strike attempts to detail each of BioCardia's unauthorized amendments, but a few of these amendments warrant special mention again here.

First, there is no reasonable basis for BioCardia to think that it had any leave to amend its breach of contract claim.  BioCardia did not seek leave to amend this claim, and breach of contract was not mentioned in the Court's Order granting leave, which was limited to inventorship and addition of the enumerated trade secrets.  (Dkt. 95 at 2.)  Yet BioCardia amended anyway, adding numerous additional grounds for breach of contract above and beyond its limited pleading in its FAAC.  (*See, e.g.*, Dkt. 112, ¶¶ 23-28, 153-170.)

Second, there is no reasonable basis for BioCardia to think that it had leave to plead direct or indirect trade-secret misappropriation by Boston Scientific.  BioCardia had never previously made this claim, and in its motion to amend briefing had specifically asserted the

opposite—that Boston Scientific had not misappropriated any BioCardia trade secrets.  (Dkt. 68 at 7 ("The allegations against Boston Scientific and Fortis Advisors allege that they are the beneficiaries of the misappropriation, ***not that they were misappropriators themselves***.").)  Yet without seeking permission to do so, BioCardia reversed itself, asserting in the SAAC that Boston Scientific did directly and/or indirectly misappropriate BioCardia trade secrets.  (Dkt. 112 at ¶ 174, subsections (g) and (h) of ¶¶ 178-194.)  This pleading violated the Court's Order prohibiting new claims and allegations, as well as arguably new parties, since Boston Scientific had not previously been named as an alleged misappropriator of any BioCardia trade secrets.

Third, there is no reasonable basis for BioCardia to believe it had leave to plead that Boston Scientific and Fortis were somehow directly liable for Sarna's alleged breach of contract and trade-secret misappropriation.  (*Id*., ¶¶ 153-170, 206-219.)  Putting aside the fact that there is no basis for a claim that Boston Scientific or Fortis is liable for a breach of Ms. Sarna's employment contract, again, BioCardia never sought leave to amend on this issue, instead representing in its motion for leave that "[t]he proposed Second Amended Complaint does ***not*** change the allegations relating to Boston Scientific's liability."  (Dkt. 68 at 5.)  And the Court's Order granting leave was explicitly limited to other subjects.

Fourth, BioCardia had no reasonable basis to believe that it had leave to assert a new claim for disgorgement of any gains from Sarna's alleged breach of contract or disgorgement of any profits from Boston Scientific's acquisition of nVision stock.  (Dkt. 112, ¶¶ 157, 222.)  Rather than seeking leave to add new damages claims, BioCardia represented in its motion for leave that "BioCardia is ***not seeking to add a new damages theory*** or new claims."  (Dkt. 67 at 7.)  Moreover, these new claims involve issues that are entirely separate from the two limited issues allowed by the Court's Order—bolstering inventorship claims or including the additional trade secrets.

COUNTERDEFENDANTS' MOTION FOR SANCTIONS
No. 3:19-CV-05645-VC

Finally, there is no reasonable basis for BioCardia to believe it had leave to add new allegations attempting to support Fortis's liability.  (Dkt. 112, ¶11.)  Again, BioCardia did not seek leave to add this allegation, and the Court's Order granting leave to amend did not give BioCardia permission to do so.

## LEGAL STANDARD

Rule 16(f) authorizes the Court to issue sanctions if a party "fails to obey a scheduling or other pretrial order."  "[V]iolations of Rule 16 are neither technical nor trivial, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases."  *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999).  As the Ninth Circuit has emphasized, a pretrial order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  "Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order."  *Sanchez v. Brawley Elementary School Dist.*, No. 14CV564 GPC (PCL), 2016 WL 3074404, at *1 (S.D. Cal. Jun. 1, 2016) (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001)); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); Judge Virginia A. Phillips, et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial: California & 9th Cir. Editions* 15:81 (TRG 1994) ("Negligent failure to comply with Rule 16 justifies imposition of appropriate sanctions."); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

The Court also has inherent power to impose sanctions "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  Sanctions may be imposed under the Court's inherent authority for either (1)

willful violation of a court order or (2) bad faith conduct.  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (citing *Fink v. Gomez*, 239 F.3d 989, 991-93 (9th Cir. 2001)).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).

The Court has broad discretion in determining whether to impose sanctions, and what sanctions to impose.  *Wilson v. KRD Trucking West*, No. 2:10-CV-00163-KJD, 2013 WL 836995, at *4 (D. Nev., Mar. 6, 2013) ("The Court has broad discretion in fashioning the appropriate sanctions for violating a Court order."); *see also Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (noting that the district court had broad discretion to impose sanctions under Rule 16(f)).  Rule 16(f) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

## ARGUMENT

### I.    BioCardia's Violations Of The Court's Order Warrants Sanctions.

While even an innocent violation of the Court's Order would be sufficient to support sanctions under Rule 16(f), *see Lucas Auto.*, 275 F.3d at 769; *Ayers*, 895 F.2d at 1270, BioCardia's violations of the Court's Order granting limited leave to amend were not innocent, and therefore warrant sanctions under both Rule 16(f) and the Court's inherent authority.

Before BioCardia even filed its SAAC, it was on notice that the Court viewed its litigation conduct as "atrocious" and "egregious," and that it was likely going to require BioCardia to pay some of Counterdefendants' attorneys' fees.  (Ex. 2, July 23, 2020 Hearing Tr. at 4, 7, 10, 18-19.)  The Court then issued an Order granting limited leave to amend that could

7

not have been clearer, expressly stating that leave was "**limited to the two matters just discussed**: bolstering the allegations regarding correction of inventorship and including allegations regarding the additional trade secrets."  (Dkt. 95 at 2.)  If that was not enough, the Order reiterated "**[n]o additional parties, claims, or allegations may be inserted**."  (*Id.*)  There is no reasonable interpretation of this Order that would allow BioCardia to make amendments outside of "bolstering the allegations regarding correction of inventorship" and "including allegations regarding the additional trade secrets."

BioCardia, moreover, did not just violate the Court's Order a little bit, such as by sneaking in one or two additional allegations around the edges of inventorship or identification of trade secrets.  BioCardia completely ignored the Order: it swapped its 15-page counterclaim for a 147-page counterclaim that included page after page of impermissible amendments, including multiple new theories for breach of contract, new allegations against Boston Scientific for trade secret misappropriation, new claims of direct liability for Boston Scientific and Fortis, and new damages theories, among others.  Here, given the Court's clear warnings and the clarity of the Court's Order limiting the right to amend, the only reasonable conclusion is that BioCardia's violations of the Court's Order were knowing and intentional.  BioCardia's misconduct is fully within the Court's inherent authority for issuing sanctions—"[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."  *Hyde & Drath*, 24 F.3d at 1167.

Finally, BioCardia's violations of the Court's Order did not take place in a vacuum, but in the context of a litigation where BioCardia had already repeatedly attempted to evade the Court's scheduling order with regard to its pleadings.  *See Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641-42 (1976) (explaining that a court's decision to impose a sanction may be informed by the record as a whole, rather than merely considering the latest instance of misconduct).  Under the circumstances, BioCardia's decision to file a SAAC that

completely ignores the Court's Order granting limited leave to amend can only be characterized as willful disobedience of the Court's Order and the rules that govern this litigation.  The Court is left with no other option but to sanction BioCardia.

## II.    Counterdefendants Should Be Awarded Their Reasonable Attorneys' Fees.

Counterdefendants respectfully request that the Court award Counterdefendants their reasonable attorneys' fees incurred as a result of the SAAC, which would include preparing and filing motions to strike, motions to dismiss, and this motion.  These are reasonable sanctions narrowly tailored to address BioCardia's conduct—indeed, much harsher sanctions also would be supported by the law and within the Court's discretion.  *See, e.g.*, *Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2016 WL 4211741, at *5 (N.D. Tex. Aug. 10, 2016) (dismissing entire case for repeated failures to comply with limited leave to amend) (citing *Petrano v. Old Republic Nat'l Title Ins. Co.*, 590 F. App'x 927, 929 (11th Cir. 2014) (affirming district court's findings that "[plaintiffs] willfully disobeyed the court order and that the dismissal of the amended complaint was an appropriate sanction for their contumacious conduct")).

Rule 16(f) mandates that this Court award reasonable attorneys' fees caused by BioCardia's violation of the Court's Order.  Fed. R. Civ. P. 16(f).  *See Chavarria v. Mgmt. & Training Corp.*, No. 16CV0617, 2016 WL 11621564, at *3 (S.D. Cal. Aug. 25, 2016) ("[Rule 16] specifies that the court *must* order the party, its attorney, or both to pay the reasonable expenses − including attorney's fees − incurred because of any noncompliance with this rule").

The Court's inherent power to control litigation also authorizes the Court to impose sanctions at its discretion, including a sanction of attorneys' fees.  *See Chambers*, 501 U.S. at 43 ; *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  Unlike Rule 16, the court's inherent power to sanction requires a showing of "bad faith."  *Chambers*, 501 U.S. at 45-

46.  However, as discussed above, that requirement is easily satisfied here, where BioCardia clearly controlled the content of its SAAC and chose to file a SAAC that vastly exceeded the limited scope of leave that the Court had granted.  *See K. P. v. Santa Clara Cty. Office of Educ.*, No. 5:15-CV-01512-EJD, 2016 WL 5930641, at *3 (N.D. Cal. Oct. 12, 2016).

BioCardia's violation of the Court's Order added to the Counterdefendants' already-substantial litigation costs.  An award of reasonable attorneys' fees in this instance is in line with the standard for sanctions for exactly the type of conduct in which BioCardia has engaged.  *See Quantum Labs, Inc. v. Maxim Integrated Prod. Inc.*, No. 18-CV-07598-BLF, 2020 WL 1914959, at *4 (N.D. Cal. Apr. 20, 2020) (awarding attorneys' fees after plaintiff filed a Second Amended Complaint that included disallowed claims, forcing defendant to incur additional costs); *Mikeskandari v. Mail*, No. CV 1202943 MMMFFMX, 2014 WL 12561581, at *9 (C.D. Cal. Aug. 4, 2014) (awarding attorneys' fees after plaintiff exceeded scope of limited leave to amend).  As such, Counterdefendants request that they be awarded their reasonable attorneys' fees associated with analyzing and responding to the SAAC, including (1) analyzing the SAAC, (2) preparing and filing motions to dismiss the SAAC, (3) preparing and filing the motion to strike the SAAC, and (4) this motion.  If the Court grants this request for attorneys' fees, Counterdefendants propose to submit an accounting of their attorneys' fees for the relevant activities within 14 days of ruling on this motion.

## CONCLUSION

For the reasons stated above, Counterdefendants respectfully request that the Court award Counterdefendants their attorneys' fees incurred in the course of responding to BioCardia's SAAC.

Dated:  September 24, 2020     **FAEGRE DRINKER BIDDLE & REATH LLP**

By:  */s/ Timothy E. Grimsrud*

David J.F. Gross (SBN 290951)
Nick P. Chan (SBN 286925)
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Fax: (650) 324-6701
david.gross@FaegreDrinker.com
nick.chan@FaegreDrinker.com

Timothy E. Grimsrud (*pro hac vice*)
Kevin P. Wagner (*pro hac vice*)
Lauren J.F. Barta (*pro hac vice*)
Andrea I. Savageau (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
tim.grimsrud@FaegreDrinker.com
kevin.wagner@FaegreDrinker.com
lauren.barta@FaegreDrinker.com
andrea.savageau@FaegreDrinker.com

***Attorneys for Plaintiffs-Counterdefendants Boston
Scientific Corporation and Boston Scientific Scimed, Inc.***

COUNTERDEFENDANTS' MOTION FOR SANCTIONS
No. 3:19-CV-05645-VC

Dated:  September 24, 2020          **FREITAS & WEINBERG LLP**

By:     */s/ Jessica N. Leal*
_____
        Robert E. Freitas (SBN 80948)
        rfreitas@fawlaw.com
        Jessica N. Leal (SBN 267232)
        jleal@fawlaw.com
        FREITAS & WEINBERG LLP
        350 Marine Parkway, Suite 200
        Redwood Shores, CA 94065
        Telephone: (650) 593-6300
        Facsimile: (650) 593-6301

        ***Attorneys for Plaintiff-Counterdefendant Fortis
        Advisors, LLC and Counterdefendant Surbhi Sarna***


## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.


By:  */s/ Timothy E. Grimsrud*
_____