**BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., and FORTIS ADVISORS, LLC v. BIOCARDIA, INC.**

**No. 3:19-CV-05645-VC**

**COUNTERDEFENDANTS' MOTION FOR SANCTIONS**

# EXHIBIT 2

```
                                              PAGES 1 - 44

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

          BEFORE THE HONORABLE VINCE CHHABRIA

BOSTON SCIENTIFIC CORPORATION,    )
ET AL.,                           )
                                  )
          PLAINTIFFS,             )
                                  )
  VS.                             )  CASE NO. 19-CV-05645 VC
                                  )
BIOCARDIA, INC.,                  )
                                  )
          DEFENDANT.              )
                                  )
_____)

BIOCARDIA, INC.                   )
                                  )
          PLAINTIFF,              )
                                  )
  VS.                             )  CASE NO. 20-CV-02829 VC
                                  )
NVISION MEDICAL CORPORATION,      )
ET AL.,                           )
                                  )  SAN FRANCISCO, CALIFORNIA
          DEFENDANTS.             )  THURSDAY, JULY 23, 2020
                                  )
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  11:03 A.M. - 12:10 P.M.**

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*                 RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES:**

**FOR BOSTON SCIENTIFIC**   FAEGRE DRINKER BIDDLE & REATH LLP
2200 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS, MINNESOTA 55402
    **BY:** **TIMOTHY E. GRIMSRUD, ESQUIRE**
        **KEVIN WAGNER, ESQUIRE**


**FOR FORTIS ADVISORS**   FREITAS ANGELL & WEINBERG LLP
**AND SURBHI SARNA**     350 MARINE PARKWAY, SUITE 200
REDWOOD SHORES, CA 94065
    **BY:** **ROBERT E. FREITAS, ESQUIRE**
        **JESSICA NICOLE LEAL, ESQUIRE**


**FOR BIOCARDIA**         FEINBERG DAY KRAMER ALBERTI LIM
TONKOVICH & BELLOLI LLP
577 AIRPORT BOULEVARD, SUITE 250
BURLINGAME, CALIFORNIA 94010
    **BY:** **IAN NEVILLE FEINBERG, ESQUIRE**
        **ELIZABETH DAY, ESQUIRE**

```
 1   EXXCLAIM CAPITAL PARTNERS I, LP.
 2           MS. LEAL:  GOOD MORNING, YOUR HONOR, JESSICA LEAL FOR
 3   MS. SARNA AND ALSO FOR AND EXXCLAIM.
 4           THE COURT:  GOOD MORNING.  OKAY.  LET ME START BY
 5   LAYING OUT MY TENTATIVE THINKING ABOUT HOW TO UNTANGLE THIS
 6   PROCEDURAL MORASS THAT WE'VE GOT OURSELVES INTO.
 7           LET ME JUST FIRST SAY THAT -- AND CAN EVERYBODY HEAR
 8   ME OKAY?
 9           MR. GRIMSRUD:  YES, YOUR HONOR.
10           MR. FEINBERG:  YES.
11           MR. FREITAS:  YES.
12           THE COURT:  LET ME -- LET ME FIRST SAY THAT WHEN YOU
13   LOOK AT THE TOTALITY OF BIOCARDIA'S LITIGATION CONDUCT IN THIS
14   CASE, YOU THINK ABOUT ALL OF THE ISSUES TOGETHER, YOU KNOW,
15   BIOCARDIA'S LITIGATION CONDUCT HAS BEEN ATROCIOUS, AND I THINK
16   THAT, YOU KNOW, IT WOULD BE VERY MUCH WITHIN MY DISCRETION TO
17   RULE AGAINST BIOCARDIA ACROSS THE BOARD ON ALL OF THESE
18   PROCEDURAL QUESTIONS THAT WE HAVE IN FRONT OF US RIGHT NOW.
19   THAT IS TO SAY, YOU KNOW, I THINK IT WOULD BE -- IT WOULD BE
20   VERY MUCH WITHIN, YOU KNOW, JUDICIAL DISCRETION TO SAY:  NO,
21   YOU CANNOT FILE AN AMENDED COMPLAINT IN THE FIRST CASE, WHICH
22   ADDS THE -- THESE NEW TRADE SECRETS, AND THE SECOND LAWSUIT IS
23   DISMISSED AS TO ENVISION [SIC] -- NVISION; I KEEP SAYING
24   ENVISION -- THE SECOND LAWSUIT IS DISMISSED AS TO NVISION ON
25   CLAIM-SPLITTING GROUNDS.  AND THE SECOND LAWSUIT MAYBE EVEN IS
```

```
 1    DISMISSED AS TO THE SHAREHOLDERS ON CLAIM-SPLITTING GROUNDS.  I
 2    HAVEN'T GIVEN -- I HAVEN'T THOUGHT ABOUT THAT ONE AS MUCH YET.
 3            AND, YOU KNOW, SO I THINK IT WOULD BE -- I THINK IT
 4    WOULD BE LIKELY APPROPRIATE TO JUST SAY -- LEAVE YOU WITH THE
 5    FIRST LAWSUIT AND THE -- YOU KNOW, THE TRADE SECRETS THAT YOU
 6    ARE ASSERTING AS OF THE DEADLINE TO AMEND PLEADINGS.
 7            BUT I'M TRYING TO STEP BACK AND, YOU KNOW, THINK
 8    ABOUT HOW TO STRIKE AS FAIR A BALANCE AS POSSIBLE.  YOU KNOW,
 9    THE OTHER SIDE IS NOT WITHOUT FAULT IN -- IN TERMS OF WHERE WE
10    ARE RIGHT NOW.  AND IN PARTICULAR, I GUESS, YOU KNOW, WHAT
11    STANDS OUT IS THAT THEY MISSED THE ISSUE OF CLAIM SPLITTING IN
12    ALL OF THESE -- IN ALL OF THESE BRIEFS.  DO I THINK THEY
13    WAIVED, YOU KNOW, THE RIGHT TO SEEK DISMISSAL ON
14    CLAIM-SPLITTING GROUNDS?  NO, I DON'T THINK SO.  I MEAN, I
15    THINK THE -- I THINK, YOU KNOW, IT'S EARLY ENOUGH IN THE CASE,
16    AND THERE'S BEEN ENOUGH CONFUSION.  AND THEY HAVE ARTICULATED
17    THE CONCEPTS THAT ARE EMBODIED IN THE DOCTRINE OF CLAIM
18    SPLITTING, EVEN THOUGH THEY HAVEN'T MADE A CLAIM-SPLITTING
19    MOTION, SUCH THAT, YOU KNOW, IT'S PROBABLY FAIR TO SAY THEY
20    HAVEN'T WAIVED IT.
21            BUT, BY MISSING THE ISSUE OF CLAIM SPLITTING, YOU
22    KNOW UNTIL I BROUGHT IT UP LAST WEEK, YOU KNOW, THEY'VE MADE
23    THIS -- THEY'VE MADE THIS PROCEDURAL MORASS A LOT MORE
24    COMPLICATED.
25            AND THE OTHER -- THE OTHER POINT ABOUT JUST TRYING TO
```

```
 1   BE AS FAIR AS POSSIBLE HERE IS THAT, YOU KNOW, I -- IN ADDITION
 2   TO SORT OF LOOKING AT THE TOTALITY OF BIOCARDIA'S LITIGATION
 3   CONDUCT, I TRIED TO SEPARATE OUT THE DIFFERENT TRANSGRESSIONS
 4   AND EVALUATE THE EGREGIOUSNESS OF EACH TRANSGRESSION.
 5           AND, YOU KNOW, SOME TRANSGRESSIONS ARE MORE EGREGIOUS
 6   THAN OTHERS, BOTH FROM THE STANDPOINT OF PREJUDICING THE
 7   DEFENDANTS AND FROM THE STANDPOINT OF, YOU KNOW, LACK OF
 8   DILIGENCE ON THE PART OF BIOCARDIA.
 9           AND, SO, AFTER I SPENT SOME TIME TRYING TO SEPARATE
10   ALL THAT OUT AND TRYING TO THINK WHAT MIGHT BE THE MOST FAIR,
11   YOU KNOW, EXERCISE OF DISCRETION IN THIS CONTEXT, HERE IS THE
12   SORT OF -- HERE'S ONE POSSIBLE APPROACH THAT I CAME UP WITH TO
13   ALL OF THESE MOTIONS.  OKAY?
14           AND I'LL SAY, BEFORE I LAY OUT THE APPROACH, LET ME
15   JUST SAY THAT, YOU KNOW, I VIEW THE DECISION TO FILE THE SECOND
16   LAWSUIT, THE CLAIM-SPLITTING ISSUE, AS QUITE A BIT MORE
17   EGREGIOUS THAN THE FAILURE TO ADD THE ADDITIONAL TRADE SECRETS
18   TO THE COMPLAINT IN THE FIRST LAWSUIT.
19           AS TO THOSE TRADE SECRETS, THERE'S NO QUESTION THAT
20   IT WAS -- YOU KNOW, THAT BIOCARDIA SHOULD HAVE SOUGHT TO ADD
21   THEM EARLIER, BUT, YOU KNOW, IN THE -- YOU KNOW, WHEN YOU'RE
22   THINKING ABOUT SORT OF -- YOU KNOW, NO HARM/NO FOUL, BIOCARDIA
23   DID INITIALLY ATTEMPT TO ARTICULATE THESE TRADE SECRETS, THESE
24   NEW ADDITIONAL TRADE SECRETS IN THE LITIGATION IN DECEMBER,
25   WELL BEFORE THE DEADLINE FOR AMENDING.
```

1              AND SO, YOU KNOW, THE DEFENDANTS IN THE FIRST ACTION

2     WERE ON NOTICE OF -- YOU KNOW, THAT THEY MAY HAVE TO DEFEND

3     THEMSELVES ON THESE NEWLY ARTICULATED TRADE SECRETS WELL BEFORE

4     THE DEADLINE.

5              SO IT STRIKES ME THAT THAT CONDUCT WAS LESS EGREGIOUS

6     THAN THE TOTAL FAILURE TO FIGURE OUT WHETHER NVISION NEEDED TO

7     BE SUED AND WHETHER -- AND POSSIBLY WHETHER THE SHAREHOLDERS

8     NEEDED TO BE SUED.  AND, YOU KNOW, THE DECISION TO TRY TO FILE

9     A SECOND LAWSUIT AGAINST THEM, HAVING BLOWN THE DEADLINE TO ADD

10    PARTIES IN THE FIRST LAWSUIT BY A LONG WAY, AND WITHOUT EVEN

11    HAVING ASKED TO ADD THOSE PARTIES IN THE FIRST LAWSUIT.

12             SO I THINK IN TERMS OF SORT OF NOTICE AND, YOU KNOW,

13    PREJUDICE TO A DEFENDANT WHO WAS NOT NAMED IN AN INITIAL

14    LAWSUIT AND THOUGHT THEY WOULD -- YOU KNOW, PRESUMABLY

15    OPERATING ON THE ASSUMPTION THAT THEY WERE NOT GOING TO BE

16    NAMED AND THEN ALL OF A SUDDEN TO HAVE A CLAIM-SPLITTING

17    SITUATION WHERE A SECOND LAWSUIT WAS INAPPROPRIATELY FILED

18    AGAINST THEM, THAT SEEMS -- STRIKES ME AS MORE PREJUDICIAL.

19             SO VIEWING THE FILING OF THE SECOND LAWSUIT AS MORE

20    EGREGIOUS, MY -- YOU KNOW, THE POSSIBLE APPROACH I IDENTIFY FOR

21    DEALING WITH ALL OF THESE MOTIONS WERE, ALL RIGHT, STARTING AT

22    THE BEGINNING WITH THE MOTION TO DISMISS THE COUNTERCLAIMS,

23    GRANT THE MOTION TO DISMISS AS TO THE CLAIM FOR CORRECTION OF

24    INVENTORSHIP, BECAUSE IT DOESN'T -- DOESN'T -- THE COMPLAINT

25    DOESN'T GIVE US ANY EXPLANATION OF WHY WE SHOULD THINK OF THOSE

1  ALLOW -- AND THEN AT THAT POINT ALLOW NVISION, AND POSSIBLY THE
2  SHAREHOLDERS ALSO, TO SEEK DISMISSAL OF THE LAWSUIT WITH
3  PREJUDICE ON CLAIM-SPLITTING GROUNDS.
4      I MAY HAVE SAID CLAIM PRECLUSION ONCE OR TWICE DURING
5  THIS MONOLOGUE, BUT I MEANT CLAIM SPLITTING.
6      AND THEN, OF COURSE, THAT WOULD LEAVE -- THAT WOULD
7  LEAVE THE MOTION TO CONSOLIDATE, WHICH, OF COURSE, WOULD BE
8  DENIED, AND PROBABLY WOULD BE, YOU KNOW -- YOU KNOW, ASSUMING
9  I'M RIGHT THAT THE LAWSUIT NEEDS TO BE DISMISSED ON
10 CLAIM-SPLITTING GROUNDS, OR ASSUMING I'M RIGHT THAT AT LEAST
11 NVISION NEEDS TO BE DISMISSED ON CLAIM-SPLITTING GROUNDS, THEN
12 I THINK THERE -- YOU KNOW, THERE BECOMES A MUCH WEAKER CASE FOR
13 CONSOLIDATION IN ANY EVENT.
14     THAT LEAVES ME WITH ONE -- ONE OTHER FINAL COMMENT
15 ABOUT THIS POTENTIAL WAY OUT OF THIS MORASS THAT WE'VE ALL
16 CREATED FOR OURSELVES, AND IT GOES BACK TO THE FIRST POINT I
17 MADE ABOUT THE ATROCIOUSNESS OF BIOCARDIA'S LITIGATION CONDUCT.
18     I WOULD THINK THAT AS PART OF THE SOLUTION TO, YOU
19 KNOW, THE PROCEDURAL MASS -- MORASS THAT WE'RE IN, IT MAY VERY
20 WELL BE APPROPRIATE TO REQUIRE BIOCARDIA TO PAY THE DEFENDANT'S
21 ATTORNEYS' FEES THAT THEY HAVE INCURRED AS A RESULT OF ALL OF
22 THIS LITIGATION CONDUCT, THIS FAILURE TO ADD THE TRADE SECRETS
23 IN A TIMELY FASHION, YOU KNOW, THIS ATTEMPT TO -- THIS
24 SEEMINGLY INAPPROPRIATE ATTEMPT TO FILE A SECOND LAWSUIT
25 AGAINST NVISION.

1  ANYBODY OTHER THAN THE PARTIES WHO ARE IN THE CASE ALREADY.
2          AND THEN YOU WOULD -- I WOULD DISMISS THE CLAIMS
3  AGAINST THE SHAREHOLDERS IN THE SECOND CASE.  I'D GRANT THE
4  SHAREHOLDERS' MOTION TO DISMISS IN THE SECOND CASE ON THE
5  GROUND THAT YOU HAVEN'T STATED A CLAIM AGAINST THEM.  AND THE
6  UPSHOT BEING YOU HAVEN'T -- I THINK THERE ARE PROBLEMS WITH
7  THE -- IDENTIFYING THE PROPERTY, BUT THE BIG -- THE MAJOR
8  OVERARCHING PROBLEM IS YOU HAVEN'T IDENTIFIED ANY WRONGDOING BY
9  THEM.
10         AND SO THAT WOULD BE DISMISSED WITH LEAVE TO AMEND,
11 AND THEN I WOULD PUT OFF THE CLAIM SPLITTING ISSUE SORT OF IN
12 AN ABUNDANCE OF FAIRNESS, AND, PRESUMABLY, IN RESPONSE TO THE
13 AMENDED COMPLAINT THAT YOU FILE, THERE WILL BE A MOTION TO
14 DISMISS ON CLAIM SPLITTING GROUNDS THAT, FRANKLY, BASED ON
15 EVERYTHING I'VE SEEN SO FAR, IS NOT A DIFFICULT MOTION, BECAUSE
16 OF THE FACT THAT YOU COULD HAVE BROUGHT NVISION IN, AND PERHAPS
17 ALSO THE SHAREHOLDERS, INTO THE SECOND -- INTO THE FIRST
18 LAWSUIT, FAILED TO DO SO, AND HAVING BLOWN THAT OPPORTUNITY,
19 YOU FILED A SECOND LAWSUIT AGAINST THEM INVOLVING THE SAME
20 SUBJECT MATTER, AND THEY'RE IN PRIVITY.  AGAIN, I'M NOT AS SURE
21 ABOUT WHETHER THE SHAREHOLDERS ARE IN PRIVITY.  I HAVEN'T
22 FOCUSED ON THAT AS MUCH YET.
23         BUT, YOU KNOW, THAT SEEMS -- THAT SEEMS LIKE A VERY
24 LIKELY OUTCOME.
25         AND THEN I THINK ANOTHER VERY LIKELY OUTCOME IS THAT,

1  YOU KNOW, THE DEFENDANTS NEED TO BE COMPENSATED FOR THE
2  MONEY -- ATTORNEYS' FEES THEY'VE INCURRED IN TRYING TO DEAL
3  WITH ALL OF THESE PROBLEMS THAT YOU'VE CREATED.  BUT, AGAIN,
4  YOU KNOW, WE WOULD PRESUMABLY PUT THAT OFF UNTIL ANOTHER DAY.
5  THAT'S THE PROPOSAL.  AND, OF COURSE, THERE WOULD NOT BE
6  CONSOLIDATION.
7          **MR. FEINBERG:**  EVER OR FOR NOW?
8          **THE COURT:**  I THINK IT'S OVERWHELMINGLY LIKELY THAT
9  THERE WOULD NEVER BE CONSOLIDATION BECAUSE THE SECOND LAWSUIT
10 WILL VERY LIKELY BE DISMISSED WITH PREJUDICE ON CLAIM-SPLITTING
11 GROUNDS, AT LEAST AS TO NVISION.  AND I'M EQUALLY SKEPTICAL
12 THAT YOU'RE GOING TO BE ABLE TO STATE A CLAIM AGAINST THE
13 SHAREHOLDERS.  AND IT MAY BE THAT SUING SHAREHOLDERS IN THE
14 SECOND LAWSUIT IS IMPROPER CLAIM SPLITTING AS WELL.  SO THE
15 CONSEQUENCE OF THAT IS VERY LIKELY TO BE THAT THERE WILL NEVER
16 BE CONSOLIDATION BETWEEN THE TWO CASES BECAUSE THERE WON'T BE A
17 SECOND CASE.
18         AND THEN EVEN IF SOMETHING SOMEHOW WERE TO SURVIVE IN
19 THE SECOND CASE, I -- YOU KNOW, THERE STILL MAY BE REASONS NOT
20 TO CONSOLIDATE THE CASES, I DON'T KNOW.
21         **MR. FEINBERG:**  SO --
22         **THE COURT:**  DO THE DEFENDANTS HAVE ANY -- WELL,
23 BEFORE WE GET THERE, NOW THAT I HAVE *ADAMS* UP, I'M TRYING --
24 I'M AGAIN TRYING TO FIGURE OUT HOW *ADAMS* POSSIBLY HELPS YOU.
25 SO YOU WANT TO TRY TO EXPLAIN THAT AGAIN.

1   ANY PROBLEMS THAT COULD RESULT FROM CLAIM SPLITTING, TO WIT
2   WASTE OF JUDICIAL RESOURCES AND --
3          **THE COURT:**  BUT THAT'S NOT -- THAT'S NOT -- THAT'S
4   NOT A CASE WHERE THEY BLEW THE DEADLINE TO ADD THE STUFF FROM
5   THE SECOND LAWSUIT TO THE FIRST LAWSUIT.  IN OTHER WORDS,
6   THEY -- THEY COULD HAVE ADDED THE STUFF TO THE -- AS I
7   UNDERSTAND IT, THEY COULD HAVE ADDED THE STUFF TO THE FIRST
8   LAWSUIT, THEY DIDN'T, THEY CHOSE INSTEAD TO FILE A SECOND
9   LAWSUIT.  THEN THERE WAS A MOTION TO CONSOLIDATE WHICH FOR SOME
10  REASON THE DEFENDANT OPPOSED, AND, AS A RESULT, THEY FOREWENT
11  THE OPPORTUNITY TO ARGUE THERE WAS IMPROPER CLAIM SPLITTING.
12         BUT HERE THE -- SO -- BUT HERE THERE -- YOU --
13  THERE -- YOU BLEW THE DEADLINE FOR ADDING NVISION TO THE SECOND
14  LAWSUIT.  SO YOU, BY BLOWING THAT DEADLINE, YOU FOREWENT THE
15  OPPORTUNITY TO SUE NVISION.
16         YOU EFFECTIVELY DECIDED TO NOT SUE NVISION, AND THEN
17  ALL OF A SUDDEN, LATER ON YOU REALIZED THAT WAS A BAD DECISION
18  AND SO YOU FILED A SECOND LAWSUIT BECAUSE YOU HAD BLOWN YOUR
19  OPPORTUNITY.  THAT'S CLAIM SPLITTING.  THAT'S QUINTESSENTIAL
20  CLAIM SPLITTING.  SO I DON'T THINK THIS -- EVEN THOUGH IT'S
21  UNPUBLISHED, EVEN IF WE WERE TO CONSIDER IT, I DON'T THINK IT
22  HELPS YOU IN ANY WAY.
23         **MR. FEINBERG:**  YOUR HONOR, I WOULD LIKE -- WELL, I
24  GUESS WE'LL HAVE AN OPPORTUNITY TO BRIEF THIS IF AND WHEN THE
25  COURT FOLLOWS ITS PROPOSAL.  BUT I THINK THERE IS ACTUALLY A

1   AMENDED COMPLAINT IN THE FIRST LAWSUIT AND AMENDED COMPLAINT IN
2   THE SECOND LAWSUIT.  HOW MUCH TIME DO YOU WANT?
3           **MR. FEINBERG:**  LIKE 45 DAYS, YOUR HONOR.
4           **UNIDENTIFIED SPEAKER:**  YIKES.
5           **THE COURT:**  FORTY-FIVE DAYS?
6           **MR. FEINBERG:**  I WOULD TAKE 30.  I WANT TO MAKE SURE
7   THAT WE HAVE SOMETHING THAT IS AS BEST WE CAN DO WILL SURVIVE
8   WHAT WE KNOW ARE MOTIONS TO DISMISS.
9           **THE COURT:**  OKAY.  THE OTHER THING I WANT TO SAY IS
10  THAT, YOU KNOW, IF I STICK WITH THIS PLAN, I VIEW THIS AS
11  REALLY GIVING BIOCARDIA A MAJOR BREAK HERE.  AND, YOU KNOW, IN
12  TERMS OF ALLOWING YOU TO CONTINUE TO OPPOSE THE CLAIM SPLITTING
13  ARGUMENT DESPITE YOUR FAILURE TO HAVE PRESENTED ANYTHING
14  MEANINGFUL SO FAR ON THAT AND, YOU KNOW, IN TERMS OF ALLOWING
15  YOU TO ADD THE TRADE SECRETS IN THE FIRST LAWSUIT.  I VIEW THIS
16  AS GIVING YOU A HUGE BREAK, AND BIOCARDIA IS NOT GOING TO GET
17  ANY MORE BREAKS IN THIS LAWSUIT FOR, YOU KNOW, FAIL- -- YOU
18  KNOW, FAILINGS, LITIGATION FAILINGS, PROCEDURAL FAILINGS.  THIS
19  IS BIOCARDIA'S LAST CHANCE.  THERE WILL BE NO MORE -- THERE
20  WILL BE NO MORE GIVING YOU A BREAK IN THE EXERCISE OF
21  DISCRETION.
22          SO I'LL THINK ABOUT HOW LONG YOU CAN HAVE TO --
23  ASSUMING WE STICK WITH THIS PLAN, HOW LONG YOU CAN HAVE TO FILE
24  AMENDED COMPLAINTS.
25          AND DOES ANYBODY HAVE ANYTHING ELSE THEY WANT TO ADD

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ JMColumbini*

JOAN MARIE COLUMBINI

JULY 31, 2020

*JOAN MARIE COLUMBINI, CSR, RPR*
*RETIRED OFFICIAL COURT REPORTER, USDC*
*510-367-3043*