IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
NICHOLAS MARTINI (SBN 237687)
nmartini@feinday.com
**FEINBERG DAY KRAMER ALBERTI**
**LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650.825.4300/Fax: 650.460.8443

*Attorneys for Defendant/Counterclaimant*
BioCardia, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. AND FORTIS ADVISORS LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>BIOCARDIA, INC.,<br><br>        Defendant. | CASE NO.  3:19-05645-VC<br><br>**BIOCARDIA, INC.'S OPPOSITION TO PLAINTIFFS/COUNTERDEFENDANTS BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. FORTIS ADVISORS LLC, AND SUBHI SARNA'S JOINT MOTION FOR SANCTIONS** |
| BIOCARDIA, INC.,<br><br>        Counterclaimant,<br><br>   v.<br><br>BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. AND FORTIS ADVISORS LLC, AND SURBHI SARNA,<br><br>        Counterdefendants. | |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................... 1

II.  LEGAL STANDARD............................................................................................ 1

III. ARGUMENT ........................................................................................................ 3

  A.  BioCardia Never Disregarded the Court's Scheduling Order............................ 3

    1.  The Timing of the FACC and SACC Was Proper........................................ 3

    2.  BioCardia's Separate Suit Against nVision is Proper.................................. 4

  B.  Rule 16(f) Does Not Support an Award of Sanctions......................................... 5

  C.  BioCardia's "Last Chance" SACC Does Not Violate the Court's July Order ................... 5

    1.  BioCardia's Breach of Contract Counterclaim ............................................ 5

    2.  BioCardia's Trade Secret Counterclaim ...................................................... 7

    3.  BioCardia is not alleging Boston Scientific and Fortis are directly  liable for Sarna's Own Breach of Contract and Trade Secret  Misappropriation ................................ 8

    4.  BioCardia is not asserting a new claim for disgorgement .............................. 9

    5.  BioCardia's Claims re Fortis' Liability ...................................................... 11

  D.  The Cases Cited by Boston Scientific Do Not Support an Award of Attorneys' Fees..... 11

IV. CONCLUSION..................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Air Separation, Inc. v. Underwriters at Lloyd's of London,*
  45 F.3d 288 (9th Cir. 1995) ........................................................................ 3

*Amaraut v. Sprint/United Management Company,*
  No. 3:19-cv-411-WQH-AHG, 2020 WL 1433281, at *2 (S.D. Cal. Mar. 23, 2020) ............ 2, 5

*Artifex Software, Inc. v. Hancom, Inc.,*
  No. 16-CV-6982, 2017 WL 4005508 (N.D. Cal. Sept. 12, 2017) ................................ 9

*Ayers v. City of Richmond,*
  895 F.2d 1267 (9th Cir. 1990) ...................................................................... 11

*Breitling v. LNV. Corp.,*
  No. 3:15-cv-0703-B, 2016 WL 4211741 (N.D. Tex. Aug. 10, 2016) ......................... 12

*Canon Solutions Am. v. Gungap,*
  No. 14-CV-1990, 2016 WL 9108916 (C.D. Cal. Feb. 8, 2016) ................................. 2

*Chambers v. NASCO, Inc.,*
  501 U.S. 32 S.Ct. 2123 (1991) ...................................................................... 2

*Chavarria v. Management & Training Corporation,*
  No. 16-cv-0617 H (RBB), 2016 WL 11621564 (S.D. Cal. Aug. 25, 2016) .................... 1, 3, 11

*Eckard Brandes, Inc. v. Riley,*
  338 F. 3d 1082 (9th Cir. 2003) ...................................................................... 9

*Evon v. Law Offices of Sidney Mickell,*
  688 F.3d 1015 (9th Cir. 2012) ...................................................................... 12

*Fink v. Gomez,*
  239 F.3d 989 (9th Cir. 2001) ....................................................................... 2, 12

*Forte v. County of Merced,*
  No. 1:11-cv-00318-AWI-BAM, 2015 WL 461599 (E.D. Cal. Feb. 3, 2015) .................... 2

*Foster Poultry Farms, Inc. v. SunTrust Bank,*
  377 Fed. Appx. 665 (9th Cir. 2010) ............................................................... 9

*GIA-GMI v. Michener,*
  No. C-06-7949-SBA, 2007 WL 1655614 (N.D. Cal. June 7, 2007) ........................... 4

*Great Dynasty International Financial Holdings Limited v. Haiting Li,*
  No. C-13-1734 EMC, 2014 WL 3381416 (N.D. Cal. Jul. 10, 2014) ........................... 2

*Hyde & Drath v. Baker,*
  24 F.3d 1162 (9th Cir. 1994) ....................................................................... 11

*Johnson v. Mammoth Recreations, Inc.,*
  975 F.2d 604 (9th Cir. 1992) ....................................................................... 12

*K.P. v. Santa Clara Cty. Office of Educ.,*
  No. 5:15-cv-01512-EJD, 2016 WL 5930641 (N.D. Cal. Oct. 12, 2016) ...................... 12

*Kelly v. U.S. Bank,*
  No. 08-1421-AC, 2010 WL 2817292 (D. Or. June 25, 2010) .................................. 2, 3

*Loop Al Labs Inc. v. Gatti,*

-ii-

195 F. Supp. 3d 1107 (N.D. Cal. 2016) ............................................................... 8

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
   275 F.3d 762 (9th Cir. 2001) ........................................................................... 11

*Mark Indust., Ltd. v. Sea Captains's Choice*, *Inc.*,
   50 F.3d 730 (9th Cir. 1995) .......................................................................... 1, 3

*Martin Family Trust v. Heco/Nostalgia Enter. Co.*,
   186 F.R.D. 601 (E.D. Cal. Aug. 4, 2014) ....................................................... 12

*Mirkeskandari v. Mail*,
   No. CV1202943 MMM (FFMx), 2014 WL 12561581 (C.D. Cal. Aug. 4, 2014) ................... 12

*Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*,
   427 U.S. 639 (1976) ......................................................................................... 11

*Official Airline Guides, Inc., v. Goss*
   6 F.3d 1385 (9th Cir. 1993) ............................................................................. 11

*Petrano v. Old Republic Nat'l Title Ins. Co.*,
   590 F. App'x 927 (11th Cir. 2014) .................................................................. 12

*Quantum Labs, Inc. v. Maxim Integrated Prod., Inc.*,
   No. 18-CV-007598-BLF, 2020 WL 1914959 (N.D. Cal. Apr. 20, 2020) ................ 12

*Roadway Express, Inc. v. Piper*,
   447 U.S. 752 (1980) ........................................................................................... 2

*Sanchez v. Brawley Elementary School Dist.*,
   No. 14CV56GPC (PCL), 2016 WL 3074404 (S.D. Cal. Jun. 1, 2016) ................... 11

*SEC v. Carter Hawley Hale Stores, Inc.*
   760 F.2d 945 (9th Cir. 1985) .............................................................................. 1

*Shepherd v. Am. Broad. Companies, Inc.*,
   62 F.3d 1469 (D.C. Cir. 1995) ........................................................................... 2

*Vista Engineering Technologies, LLC, v. Premier Technology, Inc.*,
   No. CV 09-00008-E-BLW, 2010 WL 2103960 (D. Idaho May 25, 2010) ............... 5

*WeRide Corp. v. Kun Huang*,
   379 F. Supp. 3d 834 (N.D. Cal. 2019) ............................................................... 8

*Westways World Travel v. AMR Corp.*,
   182 F. Supp. 2d 952 (C.D. Cal. 2001) ............................................................... 5

## I.      INTRODUCTION

Plaintiffs/CounterDefendants Boston Scientific Corporation, Boston Scientific Scimed, Inc., (collectively "Boston Scientific"), Fortis Advisors LLC ("Fortis") and Surbhi Sarna ("Sarna") seek sanctions under Rule 16(f) and the Court's inherent authority alleging that BioCardia has disregarded the Court's orders during the initial pleading stage of the case.  In an attempt to portray BioCardia as a repeat violator of this Court's orders, Counterdefendants rely on alleged violations that are either (1) not a violation of this Court's order(s) or (2) are moot in light of this Court's July 23, 2020 order granting leave to file a Second Amended Counterclaim ("SACC").  Dkt. No. 95.  Contrary to Counterdefendants' allegations, BioCardia has not disregarded any Court order in seeking to amend its allegations or in filing a separate action against nVision.

Moreover, as the Court acknowledged during the July 16 hearing, everyone involved in these proceedings played a part in the procedural "mess" (Ex.1, p. 9)[1] and acknowledged during the July 23 hearing "the other side is not without fault in terms of where we are right now" and "they've made this procedural morass a lot more complicated."  Ex. 2, p. 5.  Although the current posture of this case is not optimal, BioCardia has not violated any Court order, much less done so in bad faith or for an improper purpose.  For the reasons set forth below, the Court should deny Counterdefendants' motion for sanctions.

## II.     LEGAL STANDARD

Although an award of sanctions under Rule 16(f) or the court's inherent power is within the discretion of the district court, "[a] district court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard."  *SEC v. Carter Hawley Hale Stores, Inc.,* 760 F.2d 945, 947 (9th Cir. 1985); *Mark Indust., Ltd. v. Sea Captains's Choice*, *Inc.*, 50 F.3d 730, 732 (9th Cir. 1995).  A court need not order the payment of reasonable expenses if the noncompliance was substantially justified or other circumstances make an award of expenses unjust.  *Chavarria v. Management & Training Corporation*, No. 16-cv-0617 H (RBB), 2016 WL 11621564, at * 3 (S.D. Cal. Aug. 25, 2016).

Rule 16 does not apply to all court orders.  Courts within the Ninth Circuit's jurisdiction

---

[1] All exhibits are attached to the Declaration of Elizabeth Day filed herewith.

have defined "pretrial order" as "a specific type of order entered at the close of the pretrial conference that defin[es] and clarif[ies] the issues to be tried, limit[s] the trial to those contested issues, and limit[s] discovery." *Amaraut v. Sprint/United Management Company*, No. 3:19-cv-411-WQH-AHG, 2020 WL 1433281, at *2 (S.D. Cal. Mar. 23, 2020) (citing *Canon Solutions Am. v. Gungap*, No. 14-CV-1990, 2016 WL 9108916, at *11 (C.D. Cal. Feb. 8, 2016) (explaining that a "pretrial order" as defined in Rule 16 is "a specific type of order entered at the close of the pretrial conference that defin[es] and clarif[ies] the issues to be tried, limit[s] the trial to those contested issues, and limit[s] discovery")).

Although courts have an inherent authority to award sanctions, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 111 S.Ct. 2123 (1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). A district court may levy sanctions under its inherent authority ***only upon a specific finding of a willful violation of a court order or bad faith***. *Id.* at 767 (emphasis added); *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "Whether termed 'willful misconduct' or conduct 'tantamount to bad faith,' such sanctionable conduct is 'something more egregious than mere negligence or recklessness.'" *Forte v. County of Merced*, No. 1:11-cv-00318-AWI-BAM, 2015 WL 461599, at *9 (E.D. Cal. Feb. 3, 2015). "'Bad faith' means a party or counsel acted 'vexatiously, wantonly or for oppressive reasons.'" *Id*. at *10. "Bad faith includes acts substantially motivated by 'vindictiveness, obduracy, or mala fides.'" *Kelly v. U.S. Bank*, No. 08-1421-AC, 2010 WL 2817292, at *6 (D. Or. June 25, 2010).

Regarding the burden of proof that must be met in order to award sanctions under a court's inherent power, "the Ninth Circuit has not concluded whether a court's bad faith finding must be supported by clear and convincing evidence." "However, other circuits have held that clear and convincing evidence is required." *Great Dynasty International Financial Holdings Limited v. Haiting Li,* No. C-13-1734 EMC, 2014 WL 3381416, at *7 (N.D. Cal. Jul. 10, 2014)*; citing Shepherd v. Am. Broad. Companies, Inc.,* 62 F.3d 1469, 1478 (D.C. Cir. 1995) ("for those inherent power sanctions that are fundamentally penal . . . [including] awards of attorneys' fees . . . the district court must find clear and convincing evidence of the predicate misconduct," also noting

that the First, Third, Fifth, Eighth and Eleventh Circuits have applied a clear and convincing burden of proof to a court's imposition of inherent authority sanctions.); *see also Kelly*, 2010 WL 2817292, at *6 (holding same). "A fee award under the Court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party: 'The wrong was done to the court.'" *Chavarria*, 2016 WL 11621564, at *3 (citing *Mark Indust., Ltd.*, 50 F.3d at 733 ("the proper use of sanctions that are within the court's inherent power is to protect the court so it may adequately dispense justice.")).

Although courts may impose sanctions for the failure to obey court orders, they are not required to do so. *Kelly*, 2010 WL 2817292, at *7 (citing *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995)).

## III. ARGUMENT

### A. BioCardia Never Disregarded the Court's Scheduling Order

#### 1. The Timing of the FACC and SACC Was Proper

There is no dispute that the Court's December 16, 2019 Scheduling Order required the filing of any amended pleadings by February 10, 2020 (Dkt. No. 45 at 2), and that BioCardia already had filed its First Amended Answer to Complaint and Counterclaims ("FACC") on December 11, 2019. Dkt. No. 43. Given that BioCardia filed its FACC five days **before** the Court entered its Scheduling Order, this cannot be a violation of an order of the Court.

With respect to BioCardia's SACC, it properly sought leave to amend the scheduling order and file the SACC after the February deadline. *See* Dkt. No. 60. This motion outlined the parties' attempts to resolve an outstanding dispute regarding the sufficiency of BioCardia's First Amended Identification of Trade Secrets ("Amended TS ID") served on January 13, 2020 (approximately one month before the deadline to amend pleadings). *Id*. This motion was accompanied by a declaration (Dkt. No. 60-1) outlining the parties' numerous ongoing conversations about whether Counterdefendants would stipulate to the filing of the proposed SACC, the last conversation of which was on March 30, 2020. Dkt. No. 60-1, ¶ 12. At that time and given the pendency of Sarna's January 8, 2020 Motion to Dismiss (Dkt. No. 47), Sarna would not stipulate to the filing. Dkt. No. 60-1, ¶ 16. No final agreement or refusal was received from Boston Scientific. Dkt. No.

60-1, ¶ 12.  As outlined in the declaration, BioCardia filed its Motion to Amend because Boston Scientific would not respond to discovery related to BioCardia's Amended TS ID because it contended that the disclosure was not supported by the FACC.  Dkt. No. 60-1, ¶ 22.  The declaration explains BioCardia's decision to seek leave to modify the schedule and file a SACC instead of moving to compel discovery responses from Boston Scientific because the second course of action likely would have taken more than twice as long to resolve if the Court concluded that the Amended TS ID was not supported by the FACC (requiring BioCardia to file a motion for leave to amend the schedule and to file a SACC).  Dkt. No. 60-1, ¶ 22.  This, however, is moot in light of the Court's July Order granting BioCardia permission to file a SACC.  Dkt. No. 95.

Finally, Counterdefendants' reliance on certain statements BioCardia made in Dkt. Nos. 67 and 68 does not support a claim for sanctions because: (1) Boston Scientific produced documents relevant to BioCardia's claims after those pleadings were filed, and (2) the Court's July Order specifically granted BioCardia leave to amend (Dkt. No. 95), which BioCardia did in accordance with the Court's Order (Dkt. No. 112).

### 2.    BioCardia's Separate Suit Against nVision is Proper

BioCardia's separate suit against nVision is not only procedurally proper, it was the appropriate mechanism to bring claims against nVision because nVision was ***not*** a declaratory judgment plaintiff and thus not an "opposing party" within the meaning of Rule 13(a).  *GIA-GMI v. Michener*, No. C-06-7949-SBA, 2007 WL 1655614, at *1-5 (N.D. Cal. June 7, 2007) (dismissing counterclaims against the managing member of a plaintiff LLC who was ***not*** an "opposing party" within the meaning of Rule 13(a)).  In fact, if BioCardia had brought counterclaims against nVision in ***this case***, nVision could have moved to dismiss under Rule 13 on the same grounds as the third-party managing member counterdefendant did in *GIA-GMI*.

As set forth in BioCardia's opposition to nVision's "claim splitting" motion in Case No. 3:20-cv-02829, BioCardia's separate suit is and remains proper.  There are no claim splitting issues, and nVision's motion to dismiss in that case (and its corresponding plea for sanctions) are baseless.  A procedurally proper separate case is not and cannot be considered an "end-run" around the Court's Scheduling Order.  Rather, under the *GIA-GMI* case, it was the proper mechanism to

-4-

bring suit against nVision.  One question that Boston Scientific and Fortis have never answered is why nVision was not a declaratory judgment plaintiff when their own declaratory judgment complaint references nVision.

### B.      Rule 16(f) Does Not Support an Award of Sanctions

Rule 16(f) and its incorporation of Rule 37(b)(2)(A) does not apply to the Court's July Order because it was not a scheduling or other pretrial order or a discovery order.  "Rule 16(f) does not apply to all court orders; it applies only to a scheduling order or an order issued after a pretrial conference that 'recit[es] the action taken [and] controls the course of the action.'"  Fed. R. Civ. P. 16(d); *Amaraut*, 2020 WL 1433281, at *2.  As the Court's July Order is not a "pretrial order" or a "discovery order," Rule 16(f) does not support an award of sanctions.

### C.      BioCardia's "Last Chance" SACC Does Not Violate the Court's July Order

With respect to the Court's July Order, BioCardia heeded the Court's "this is your last chance" warning and filed a SACC that does not include any new parties or new claims.  The only thing that is "new" in the SACC are factual allegations supporting existing claims against the same Counterdefendants.

### 1.      BioCardia's Breach of Contract Counterclaim

BioCardia's SACC does not add a new breach of contract claim.  There always has been the same claim for breach of the "Sarna Agreement."  Dkt. No. 22 at ¶¶ 17-27, 60-66; FACC, Dkt. No. 43 at ¶¶ 17-27, 63-73; SACC, Dkt. No. 112 at ¶¶ 17-32, 131-170.  As set forth below, the SACC merely adds facts in support of BioCardia's claim that the same contract (*i.e.*, the "***Sarna Agreement***") was breached.  Counterdefendants have long had notice of this claim.

"Federal Rule of Civil Procedure 8(a) [does] not require [a claimant] to recite every term of the contract that [the counterparty] allegedly breached in its original counterclaim." *Vista Engineering Technologies, LLC, v. Premier Technology, Inc.*, No. CV 09-00008-E-BLW, 2010 WL 2103960, at *2 (D. Idaho May 25, 2010); *Westways World Travel v. AMR Corp.*, 182 F. Supp. 2d 952, 963 (C.D. Cal. 2001) (rejecting defendant's request to dismiss plaintiff's breach of contract because plaintiff failed to allege specific terms of contract).

Even though BioCardia does not have to identify all breaches of the Sarna Agreement in

its breach of contract counterclaim, BioCardia was mindful of the Court's "last chance" admonition at the last hearing. Ex. 2, July 23 transcript at p. 43. Accordingly, BioCardia detailed *all* of the breaches of the Sarna Agreement in the SACC even though under Rule 8 it only needed to identify one such breach. In doing so, no new parties were added. No new claim was added.

Moreover, Counterdefendants were aware of each individual breach of the Sarna Agreement from discovery. BioCardia's FACC attached the Sarna Agreement as an exhibit and identified breaches of Sections 3(a) and 3(b). Moreover, prior to filing the SACC, on July 8, 2020, BioCardia provided a supplemental response to an Interrogatory from Sarna seeking "in complete detail all respects in which you contend Surbhi Sarna 'breached her contractual obligations to BioCardia under the 'BioCardia standard Employment Agreement' as alleged in your counterclaim." Ex. 3, p. 5. That this Interrogatory was propounded was an implicit admission that not all breaches of the same contract need to be alleged in a complaint or counterclaim. In response to this Interrogatory, BioCardia identified each of the breached sections of the Sarna Agreement including sections 2(a), 3(a), 3(b), 3(d),[2] 3(f), 4(a), 4(b) and 5. *Id.* Although not specifically called out by section number, BioCardia alleged that Sarna breached her obligation to assign the Sarna Patent Family, which among other breaches, is also a breach of section 3(e). *Id.* The only section in the SACC that was not specifically mentioned in the supplemental Interrogatory response is Section 8, which deals with Conflict of Interest Guidelines, one violation of which is revealing confidential information to outsiders which is pled throughout each version of BioCardia's counterclaims. *See*, *e.g.* Dkt. No. 22 ¶¶ 20-22, 70-71, Dkt. No. 43 ¶¶ 20-22, 77-78 Dkt. No. 112 ¶¶ 28, 32, 66, 69, 78-84 178-195(f), 199. Accordingly, prior to the filing of the SACC, at a minimum, Counterdefendant Sarna was on notice of *__all__* alleged breaches of the Sarna Agreement.

Based on the foregoing, there is no basis for the imposition of sanctions. The breach of contract claim has always concerned various breaches of the Sarna Agreement and there is no new contract claim against anyone. Dkt. No. 22 at ¶¶ 17-27, 60-66; FACC, Dkt. No. 43 at ¶¶ 17-27, 63-73; Dkt. No. 112 at ¶¶ 17-32, 131-170. As Counterdefendants have not made and cannot make

---

[2] BioCardia's supplemental response incorrectly identified section 3(d) as 4(d). There is no section 4(d) in the Sarna Agreement.

any showing of a willful violation of a Court order (because BioCardia has not violated any Court order) or bad faith, the Court should not award attorneys' fees.

### 2.    BioCardia's Trade Secret Counterclaim

Plaintiffs Boston Scientific and Fortis filed declaratory judgment claims of no trade secret misappropriation following pre-suit correspondence between the parties.  Dkt. No. 1 at ¶¶ 118-119, 130-145.  BioCardia then filed corresponding counterclaims against all Counterdefendants.  Dkt. No. 22 at ¶¶ 67-74; Dkt. No. 43 at ¶¶ 74-85; Dkt. No. 112 at ¶¶ 171-223.  In its Order the Court held: "BioCardia's motion to amend its answer and counterclaims in the first lawsuit to include the additional trade secrets identified in that motion is granted.  The ***allegations relating to these additional trade secrets may thus be included in the amended answer and counterclaims*** that are to be filed within 28 days."  Dkt. No. 95 at 1 (emphasis added).

BioCardia's SACC simply includes the additional trade secrets and further includes "allegations relating to these additional trade secrets."  As explained in BioCardia's Opposition to Counterdefendants' motion to strike, Counterdefendants' argument that BioCardia improperly "expanded its trade-secret claims" in "three ways" is incorrect.  With regard to Counterdefendants' **<u>first</u>** argument, the trade secret identified in paragraphs 55 and 194 of the SACC is the same as the trade secret identified in BioCardia's Motion to file the SACC:

> Catheter system which includes a distal spring element on its end and having a round spherical ball mounted on the spring to avoid damage to the lumen through which it is passed, the specific system consistent of a catheter shaft having a hollow lumen, containing a fluid conduit, which passes through a helical metal spring on its distal end attached to a small ball attached to the distal most end.

Dkt. No. 60-5 ¶ 13; *see also* Dkt. No. 112, ¶ 55 (lines 13-17) and ¶ 194.  That paragraphs 55 and 194 also explain how the same secret (1) was kept secret and (2) was provided to Ms. Sarna are merely factual "allegations relating to the[] additional trade secrets" that the Court authorized to be added to the SACC.  Dkt. No. 95 at 1.

With regard to Counterdefendants' **<u>second</u>** argument, BioCardia did not improperly "expand[] the alleged acts of misappropriation."  Again, the Court gave BioCardia leave to add the additional trade secrets (which it did) as well as leave to add "allegations relating to these

additional trade secrets . . . in the amended answer and counterclaims" (again which it did).  That the alleged acts of misappropriation include, but are not limited to, the filing of patent applications using BioCardia trade secrets and the use of the trade secrets in the MAKO product are properly pled "allegations relating to these additional trade secrets."

Regarding Counterdefendants' **third** argument, BioCardia has not "materially modified nearly all of its trade secrets."  Counterdefendants' comparison chart (Dkt. No. 116-4) confirms they are not materially altered.  Moreover, BioCardia does not have to articulate the trade secret in the SACC with the exact same words that it does in discovery or at trial.  BioCardia's trade secrets are identified with sufficient particularity in the SACC, which is all that is required.  Under both the federal Defend Trade Secrets Act and California law, parties need only allege trade secrets with "reasonable particularity."  *See WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 845 (N.D. Cal. 2019); *see also Loop Al Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1110 (N.D. Cal. 2016).  As such, parties need not allege every factual allegation related to a trade secrets claim(s) in an initial complaint, but just enough "to limit the permissible scope of discovery by distinguishing the trade secrets from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade."  *WeRide*, 379 F. Supp. 3d at 846.  BioCardia has complied with this requirement in the SACC.

As BioCardia has not violated the Court's order, there is no basis to award attorneys' fees.

### 3.     BioCardia is not alleging Boston Scientific and Fortis are directly liable for Sarna's Own Breach of Contract and Trade Secret Misappropriation

Counterdefendants contend that Paragraphs 153-170 and 206-219 of the SACC added new counterclaims of so-called direct liability for Sarna's breach of contract and trade secret misappropriation.  They do not.  BioCardia has always sought to hold Boston Scientific and Fortis liable for ***unjust enrichment*** relating to Sarna's theft of trade secrets and breach of contract. *See* Dkt. No. 22, ¶¶ 1, 73, prayer for relief, ¶ 5; Dkt. No. 43, ¶¶ 1, 70, 80, prayer for relief, ¶ 4.  The SACC simply gives additional factual detail as to how Counterdefendants knew of their unjust enrichment while it was occurring—which is nothing "new."   These paragraphs also simply

confirm that liability as to Boston Scientific and Fortis is the result of unjust enrichment, which was pled in each version of BioCardia's counterclaims.  Dkt. No. 22, ¶¶ 1, 73, prayer for relief, ¶ 5; Dkt. No. 43, ¶¶ 1, 70, 80, prayer for relief, ¶ 4.

Moreover, Paragraphs 206-219 of the SACC concern BioCardia's trade secret claims and the additional trade secrets BioCardia was given leave to identify.  Thus, these are simply "allegations relating to the[] additional trade secrets" that the Court authorized to be added to the SACC—*i.e.*, that Boston Scientific and Fortis (as representative of the shareholders) were unjustly enriched by the misappropriation of the additional trade secrets and in fact had every reason to know they were being unjustly enriched.  Dkt. No. 95 at 1.  Paragraphs 153-170 of the SACC mirror Paragraphs 206-219 and confirm the same—that Boston Scientific and Fortis had every reason to know that Sarna was breaching contractual obligations to BioCardia and thus knew of their unjust enrichment.

There is no new "direct" theory of liability.  The theory has always been that Boston Scientific and Fortis were unjustly enriched by Sarna's misappropriation of trade secrets and breach of contract.  That these Counterdefendants had every reason to know that trade secrets were being taken by Sarna are facts relating to the additional trade secrets.  For the exact same reasons, Counterdefendants had every reason to know that Sarna was breaching her contractual obligations to BioCardia.  Counterdefendants have failed to show a willful violation of the Court's order or bad faith.  The Court should deny their request for attorneys' fees.

### 4.  BioCardia is not asserting a new claim for disgorgement

There is no "new claim for disgorgement."  Disgorgement is not a ***claim***; it is the monetary ***remedy*** for a tortfeasor's unjust enrichment.[3]  Moreover, Counterdefendants were aware before

---

[3] "It is widely recognized that disgorgement is a remedy intended to prevent a wrongdoer from unjust enrichment…."  *Eckard Brandes, Inc. v. Riley*, 338 F. 3d 1082, 1088 (9th Cir. 2003).  "Unjust enrichment is available 'where [defendant] obtained a benefit they might not have obtained otherwise' and the plaintiff 'not only did [ ] not get the benefit of the bargain of the confidentiality agreement, but [defendant] misused [plaintiff's] information for its own profit.'"  *Artifex Software, Inc. v. Hancom, Inc.*, No. 16-CV-6982, 2017 WL 4005508, at *4 (N.D. Cal. Sept. 12, 2017) (quoting *Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 Fed. Appx. 665, 669 (9th Cir. 2010)).

they filed their declaratory judgment complaint that BioCardia seeks monetary damages for Counterdefendants' tortious conduct that left them unjustly enriched.  Dkt. No. 1, ¶¶ 1, 10, 17, 50, 54, 115, 131, 148, 150, 153-154.  Likewise, in the FACC, BioCardia notes that it brings its "counterclaims … seeking damages, including damages for Counterdefendants' unjust enrichment measured by the amount Boston Scientific paid for nVision Medical Corporation ('nVision'), for Counterdefendants' misappropriation of trade secrets and Ms. Sarna's breach of contract … ." Dkt. No. 43, ¶¶ 1-2, 68, 80, prayer for relief ¶ 4.  With regard to Counterdefendants' unjust enrichment, BioCardia alleges in the SACC, for example:

> As a further direct and proximate result of Ms. Sarna and nVision's misappropriation of BioCardia trade secrets, Counterdefendants have been unjustly enriched for example, in an amount equal to at least what Boston Scientific paid for nVision . . . Counterdefendants' retention of the benefits they received from Ms. Sarna and nVision's misappropriations are unjust as Ms. Sarna and nVision were not permitted to misappropriate BioCardia's trade secrets and share the benefits with anyone else. As such, BioCardia is entitled to disgorgement of Counterdefendants' profits reaped from their unjust enrichment, restitution based on the benefits received and a constructive trust over the unlawful benefits received as a result of Ms. Sarna and nVision's misappropriation of BioCardia's trade secrets.

Dkt. No. 112, ¶ 197.

Using the word "disgorgement" to describe damages that a party has already clearly sought (*i.e.*, monetary damages for the amount that Counterdefendants were unjustly enriched) is not a new theory.  It is what Counterdefendants acknowledge in their Complaint BioCardia was seeking and what BioCardia expressly says it is seeking in the FACC.  Dkt. No. 1, ¶¶ 1, 10, 17, 50, 54, 115, 131, 148, 150, 153-154; Dkt. No. 43, ¶¶ 1-2, 68, 80, prayer for relief ¶ 4.  Moreover, BioCardia's FACC clearly sought damages for Counterdefendants' unjust enrichment with respect to (1) Sarna's breach of contract (Dkt. No. 43, ¶¶ 1-2, 68); (2) Sarna and nVision's misappropriation of trade secrets (*id.* at ¶¶ 1-2, 80); and (3) in the amount of value that was reaped from acquiring nVision (*id.* at ¶¶ 1-2, 68, 80).

As there is no new claim for disgorgement, the Court should deny Counterdefendants' motion.

5.    **BioCardia's Claims re Fortis' Liability**

That Fortis is the both the representative of, and provides indemnification for, the Securityholders (*i.e.*, the nVision Shareholders), is a fact that Fortis admits in its own Complaint:

> ***Fortis, for, and <u>on behalf of</u>, the Securityholders***, who received the consideration in the Merger, and which BioCardia now demands, and whose rights to future milestone consideration arising out of the Merger may be clouded by Defendant's allegations, and ***who must <u>provide indemnification</u> to Boston Scientific*** related to various representations and warranties made by nVision in connection with the Merger, including without limitation related to ownership of intellectual property transferred in the Merger and dispute relating thereto, bring this action for various declaratory judgments and other relief.

Dkt. No. 1, ¶ 11 (emphasis added).

This is not anything "new," let alone a new "theory of liability." It is merely a background fact about "who" Fortis is in the "Parties" section of the SACC (Dkt. No. 112, ¶ 11) that tracks Fortis' admission in its Complaint (Dkt. No. 1, ¶ 11). The Court did not preclude simple background facts regarding the already-named parties when it gave leave to amend the trade secret and correction of inventorship claims. There is no basis to award sanctions.

D.    **The Cases Cited by Boston Scientific Do Not Support an Award of Attorneys' Fees.**

Counterdefendants' cases do not support an award of attorneys' fees for several reasons. ***First,*** this is not a case in which BioCardia failed to appear, failed to engage in discovery, failed to submit a joint status report, violated a protective order, failed to disclose an expert or failed to add a defendant after the scheduling order deadline. *Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir. 1990) (failure to attend mediation); *Chavarria v. Mgmt & Training Corp.*, No. 16-cv-0617, 2016 WL 11621564 (S.D. Cal. Aug. 25, 2016) (failure to attend early neutral evaluation); *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994) (failure to appear for depositions); *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 (9th Cir. 2001) (failure to attend mediation); *Official Airline Guides, Inc., v. Goss* 6 F.3d 1385 (9th Cir. 1993) (failure to attend settlement conference); *Sanchez v. Brawley Elementary School Dist.*, No. 14CV56GPC (PCL), 2016 WL 3074404 (S.D. Cal. Jun. 1, 2016) (failure to appear at settlement conference); *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976) (failure to respond to

interrogatories as ordered by the court); *Martin Family Trust v. Heco/Nostalgia Enter. Co*., 186 F.R.D. 601 (E.D. Cal. Aug. 4, 2014) (failure to file status report); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) (violation of a protective order); *K.P. v. Santa Clara Cty. Office of Educ.*, No. 5:15-cv-01512-EJD, 2016 WL 5930641 (N.D. Cal. Oct. 12, 2016) (failure to disclose expert); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (failure to add defendant until after scheduling order deadline when Plaintiff was made aware of defendant three months before deadline).

Second, BioCardia has not violated any Court order, let alone done so **repeatedly**.  In *Breitling v. LNV. Corp*., No. 3:15-cv-0703-B, 2016 WL 4211741 (N.D. Tex. Aug. 10, 2016), the court, after detailing the Plaintiffs' refusal to participate in good faith in the litigation awarded sanctions in the form of a dismissal with prejudice because the Plaintiffs defied the court's orders on at least eighteen occasions, including repeated amendments to their compliant to add additional claims and additional defendants.  Here, BioCardia has not added new claims or additional defendants.  Likewise, *Petrano v. Old Republic Nat'l Title Ins. Co*., 590 F. App'x 927 (11th Cir. 2014) is inapposite because BioCardia has not "defiantly refused to comply with an order to amend [its] complaint to comply with the Federal Rule of Civil Procedure 8," nor has it filed frivolous claims or motions.  *Quantum Labs, Inc. v. Maxim Integrated Prod., Inc.,* No. 18-CV-007598-BLF, 2020 WL 1914959 (N.D. Cal. Apr. 20, 2020), which is a case finding civil contempt, is also inapposite because BioCardia did not add new parties or new claims that were dismissed without leave to amend.  *Mirkeskandari v. Mail*, No. CV1202943 MMM (FFMx), 2014 WL 12561581 (C.D. Cal. Aug. 4, 2014) does not apply because the sanction award was based on the Plaintiff's violation of numerous court orders prohibiting pleading new claims or stricken allegations without leave of court.  Finally, *Fink v. Gomez,* 239 F.3d 989 (9th Cir. 2001) is inapplicable because BioCardia has not made reckless statements or law and fact, let alone for an improper purpose. The remaining cases that Boston Scientific cites regarding a court's inherent authority to award sanctions confirm that there has been no showing of bad faith warranting an award of sanctions.

## IV.    CONCLUSION

For the foregoing reasons, BioCardia has not violated any Court order, let alone done so

willfully or in bad faith.  The Court should deny Counterdefendants' motion for sanctions.

Dated: October 26, 2020

By */s/ Ian N. Feinberg*
Ian N. Feinberg

FEINBERG DAY KRAMER ALBERTI LIM
TONKOVICH & BELLOLI LLP

Attorneys for Defendant/Counterclaimant BioCardia,
Inc.